SCHWARTZ, Chief Judge.
The order below assessing a workers’ compensation lien filed under section 440.39, Florida Statutes (1985), against the settlement proceeds of a compensable medical malpractice claim is directly contrary to section 768.50, Florida Statutes (1985), as interpreted in American Motorist Insurance Co. v. Coll, 479 So.2d 156 (Fla. 3d DCA 1985), review denied, 488 So.2d 829 (Fla.1986), and is therefore reversed with directions to strike the notice of lien. Accord Rosabal v. Arza, 495 So.2d 846 (Fla. 3d DCA 1986). The carrier’s present contention that the rule in Coll applies only to judgments and not settlements is frivolous. See Coll, 479 So.2d at 156; Rosabal, 495 So.2d at 846; § 768.-50(4).
We consider, in the light of the clearly controlling effect of Coll, that the appellee’s position in this case appropriately invokes section 57.105, Florida Statutes (1985). Accordingly, by separate order, we have granted the appellants’ motion for appellate attorney’s fees under that statute and remanded the cause for the trial court to fix the amount. Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987).
Reversed.