526 So.2d 66 (1988)
LIBERTY MUTUAL INSURANCE COMPANY, Petitioner,
v.
Frank CHAMBERS and Brunetta Chambers, His Wife, Respondents.
No. 71337.
Supreme Court of Florida.
June 9, 1988.
*67 Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Miller, Hodges, Kagan & Chait, Miami, for petitioner.
Gene Flinn of the Law Offices of Gene Flinn, and Kenneth E. Cohen, Miami, for respondents.
A. Wade James of Hampp & Schneikart, P.A., St. Petersburg, amicus curiae for Auto-Owners Ins. Co.
PER CURIAM.
We review Chambers v. Liberty Mutual Insurance Co., 511 So.2d 608 (Fla. 3d DCA 1987), to resolve direct conflict with American Mutual Insurance Co. v. Decker, 518 So.2d 315 (Fla. 2d DCA 1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Relying on American Motorists Insurance Co. v. Coll, 479 So.2d 156 (Fla. 3d DCA 1985), review denied, 488 So.2d 829 (Fla. 1986), and Rosabal v. Arza, 495 So.2d 846 (Fla. 3d DCA 1986), the court below held that assessing a worker's compensation lien filed under section 440.39, Florida Statutes (1985), against the settlement proceeds of a medical malpractice claim was contrary to section 768.50, Florida Statutes (1985). Analyzing the same issue for the court in American Mutual Insurance Co., Judge Frank reached the opposite conclusion. We agree with Judge Frank's cogent analysis and adopt his opinion as our own. We quash the decision below, disapprove American Motorists Insurance Co. and Rosabal, and remand for proceedings consistent with this decision.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.