ON MOTION FOR REHEARING
PER CURIAM.
The appellants’ motion for rehearing is granted. Pursuant thereto, the opinion herein dated June 7, 1988, is set aside and the following opinion is substituted in its place:
The order under review, which struck a claim of compensation lien filed by the employer-carrier in a medical malpractice action arising in the course of the plaintiff’s employment, although entered in accordance with the then controlling decisions in American Motorists Ins. Co. v. Coll, 479 So.2d 156 (Fla. 3d DCA 1985), review denied, 488 So.2d 829 (Fla.1986), and Rosabal *136 v. Arza, 495 So.2d 846 (Fla. 3d DCA 1986), is reversed on the authority of the recent decision of the supreme court in Liberty Mut. Ins. Co. v. Chambers, 526 So.2d 66 (Fla.1988). In accordance with Chambers, the order below is reversed and the cause remanded with directions to fix an appropriate workers’ compensation lien in favor of the employer-carrier.[1]

. The plaintiffs point out that, in apparently justified reliance on the Coll and Rosabal decisions, the latter of which involved this very case, they have already reduced their recovery against the third party tortfeasor-physician, treating the compensation lien as if it were an ordinary collateral source. The effect of the Chambers decision that it is not thus would lead to a double deduction against the plaintiffs’ recovery. While we understand the plaintiffs’ dilemma, none of this can affect the rights of the present appellants under Chambers since they were not parties to the prior proceedings either below or on appeal. However, without in any way indicating what the proper outcome of such actions may be, we specifically indicate that our decision here is without prejudice to any attempt by the plaintiffs to recoup the prior payments to the tortfeasor, either in an independent proceeding, under Florida Rule of Civil Procedure 1.540(b)(1) or (b)(5), or otherwise, in accordance with what Chambers has now established is the prevailing law.