153 So.2d 726 (1963)
L.B. WILLIAMS, Petitioner,
v.
W.E. DUGGAN and Rebecca Duggan, Respondents.
No. 31847.
Supreme Court of Florida.
May 15, 1963.
Rehearing Denied June 11, 1963.
Fisher & Hepner, Pensacola, for petitioner.
William D. Barrow, Crestview, and Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, for respondents.
DREW, Justice.
We have little difficulty in reaching the conclusion that the decision of the *727 district court here under review,[1] as explained in its opinion containing full statement of the facts, is in direct conflict in the constitutional sense with both Williams v. Robineau[2] and McCormick v. Bodiker.[3] For example in the Robineau case[4] this Court specifically held that, when one is required to elect between remedies generally, an "election is matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other," and "It is generally conceded that to be conclusive it must be efficacious to some extent." (Emphasis supplied.) Moreover, in that case we further observed that the liberal rule "is the better one and is approved by this Court." The cases cited in support of the statement last quoted hold that the filing of an action does not constitute an election even when the adverse party has been required to answer. This definition of election,[5] though based upon equitable principles, is equally applicable to legal remedies. So far as conflict is concerned, our jurisdiction under the Constitution expressly contemplates collision on a point of law rather than restriction to all fours conflict. We are of the opinion, therefore, that these two decisions are wholly irreconcilable and that this Court has jurisdiction to resolve such conflict.
On the merits, it is our view that the holding in the instant case that the filing of a claim in a workmen's compensation case amounts to an irrevocable election, even when terminated without adjudication of its merits, is clearly erroneous under the Robineau decision. To say that a word means one thing in one context and something quite different in another, without explanation or statutory prescription, results in a conflict in the most elementary sense.
The filing of an action or the filing of a claim together with the procedural steps preliminary to the dismissal as in this case, without any disposition of the issues on the merits, does not in our judgment amount to an election between alternative remedies where they exist. We conclude that the approval of this rule would in the future result in hardships and miscarriages of justice. A contrary disposition can work no real hardship upon the carrier of employer.
The decision in the district court is accordingly quashed and the cause remanded for further proceedings.
ROBERTS, C.J., TERRELL and CALDWELL, JJ., and COLLINS, Circuit Judge, concur.
O'CONNELL, J., concurs in part and dissents in part.
THOMAS, J., dissents.
O'CONNELL, Justice (concurring in part and dissenting in part).
I concur in the majority decision as to the merits, but dissent on the question of jurisdiction.
NOTES
[1] Fla.App., 140 So.2d 69.
[2] 124 Fla. 422, 168 So. 644.
[3] 119 Fla. 20, 160 So. 483.
[4] This case was a chancery proceeding to foreclose a mortgage. The instant question arises in a common law action but concerns the construction of a provision of the Workmen's Compensation Act of this state which historically both in this and other states is always given the broadest and most liberal interpretation in order to afford an injured employee his right to recover for injuries. In many instances claims are filed in these basically administrative proceedings without the aid or advice of counsel and it seems unrealistic to impose a stricter interpretation on the word elect used in construing a statute of this nature than in the construction of other rules and statutes in formal legal proceedings where the services of an attorney are almost invariably involved.
[5] This opinion was written long prior to the adoption of the Florida Rules of Civil Procedure, 30 F.S.A. which in the opening paragraph state "These rules shall be construed to secure the just, speedy and inexpensive determination of every action."