457 So.2d 1388 (1984)
Pedro VELEZ and Mercedes Velez, His Wife, Appellants,
v.
OXFORD DEVELOPMENT CO., D/B/a Turnberry Isle Country Club and Liberty Mutual Insurance Company, Appellees.
No. 84-687.
District Court of Appeal of Florida, Third District.
October 30, 1984.
*1389 Klein, Oshinsky & Solomon and Michael Solomon, Hallandale, for appellants.
Daniel & Hicks and Patrice A. Talisman; Richard E. Hardwick, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Plaintiff-employee appeals an order entered in a personal injury action granting defendant-employer's motion for summary judgment on a finding that the plaintiff knowingly accepted workers' compensation benefits. In defense of the judgment, the employer presents two theories: (1) the plaintiff is barred from instituting a tort action by the doctrine of election of remedies, and (2) the plaintiff waived the right or is estopped to bring a tort action. We accept neither proposition.
Plaintiff, a kitchen employee of Turnberry, was injured when a fellow employee struck him with a golfcart during his unpaid one-half hour lunch period. While hospitalized, plaintiff received benefit checks from Liberty Mutual, the employer's workers' compensation insurer. In addition to paying approximately one year's benefits for temporary total disability, Liberty Mutual voluntarily paid all of plaintiff's medical bills. Plaintiff never filed a claim for benefits. When he returned to work all benefits were terminated. Plaintiff and his wife instituted this action in the circuit court, alleging negligence on the part of Turnberry in leaving keys in the ignition of a golfcart which was recklessly operated by an employee. The summary judgment entered on that complaint is the subject of this appeal.
The employer may not rely on the election of remedies doctrine to support the judgment. Election of remedies by its very terms presupposes that a plaintiff has at least two viable theories upon which recovery may be had. That is not the case here. Where an injury is suffered in the course and scope of employment, the Workers' Compensation Law, Chapter 440, Florida Statutes (1983), is the exclusive remedy for recovery against the employer. See § 440.11. That remedy is not available, however, where an injury is suffered outside the course of employment. See § 440.09(1). Plaintiff, a semi-illiterate, never elected to file a claim against his employer pursuant to the Workers' Compensation Law. His single decision, after retaining counsel (because the employer terminated benefit payments), was to commence a tort action, alleging that the injury was not within the course of his employment. The trial court granted summary judgment for the employer without determining that issue, finding that plaintiff knowingly accepted workers' compensation benefits. To these facts the election of remedies doctrine is totally inapplicable.
Williams v. Duggan, 153 So.2d 726 (Fla. 1963), relied on by the employer, is inapposite. In Williams, the employee at all times conceded that the injury occurred in the course of employment. Further, the *1390 holding in that case was that where the employee first filed a workers' compensation claim against his employer, and such claim was dismissed as untimely, no election was made under Section 440.11 since the election was not "efficacious to some extent." Id. at 727. In fact, most Florida cases dealing with election under the Workers' Compensation Law involve employees who voluntarily filed claims against their employers, see, e.g., Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972), appeal dismissed, 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973) (employee, by his voluntary act, chose to bind himself to provisions of Workers' Compensation Law); Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978) (employee may not elect to file workers' compensation claim and then file a tort action repudiating earlier position).
Coney v. International Minerals & Chemical Corp., 425 So.2d 171 (Fla.2d DCA 1983), also cited by the employer, is distinguishable. There, a wife who accepted death benefits under Workers' Compensation Law owing to her husband's death, where no claim for workers' compensation had been made, was held to be barred from bringing a tort action seeking punitive damages. In that case, the wife never contended that the injury occurred outside the scope of her husband's employment. Cf. Holcomb v. Bullock, 353 Mich. 514, 91 N.W.2d 869 (1958) (where trial court found that plaintiff was independent contractor and not employee, Workers' Compensation Act was not applicable and plaintiff had no right of election as to his remedy).
Not only did plaintiff lack an option in remedies, he in fact did not attempt to make any such election. The acceptance of benefits, without more, does not amount to a valid election. Martin v. United States, 566 F.2d 895 (4th Cir.1977). Martin is factually similar to the instant case. There, an army employee was injured in a collision with an army truck while she was returning from lunch. Plaintiff accepted workers' compensation payments, which were paid voluntarily by her government employer. She then filed suit in federal court, seeking damages under the Federal Tort Claims Act. The fourth circuit court found that plaintiff was not injured in the course of her employment because (1) her lunch hour was her own time, (2) there were no restrictions on where she went or what she did, (3) she was riding in her own automobile, and (4) she was not doing any errands for her employer. On those facts the court held that plaintiff's continued acceptance of compensation benefits did not evidence a conscious intent on her part to give up a tort claim. The court further found it unreasonable to expect a plaintiff, who is understandably uncertain of a future recovery in tort, to refuse compensation payments which are voluntarily made. A double recovery is easily avoided by reducing any tort damages awarded by the amount of payments already received. Accord Freeman v. Norfolk and Western Railway Co., 596 F.2d 1205 (4th Cir.1979) (acceptance of benefits under federal Longshoremen's and Harbor Workers' Compensation Act is not binding election to forego tort claim under Federal Employers' Liability Act); Whitney-Fidalgo Seafoods, Inc. v. Beukers, 554 P.2d 250 (Alaska 1976) (fact that illegally employed child passively accepted workers' compensation benefits does not indicate that valid election occurred). The latter case cites to a learned treatise by Professor Larson, where the author states:
Mere acceptance of some compensation benefits ... is not enough to constitute an election. There must also be evidence of conscious intent to elect the compensation remedy and to waive ... other rights. (Footnotes omitted). 554 P.2d at 254 (citing 2A A. Larson, Workmen's Compensation § 67.22 (1976)).
Reliance on waiver or estoppel, the employer's fall-back argument, is also misplaced. Waiver, like election of remedies, implies a conscious intent on the part of the employee to choose compensation benefits over a tort action. See Whitney-Fidalgo Seafoods, Inc., 554 P.2d at 254 (no waiver *1391 of other rights without valid election to pursue remedy of workers' compensation).
Courts from other jurisdictions have similarly rejected the notion that passive acceptance of compensation benefits works to estop an employee from bringing suit in tort. See, e.g., Freeman, 596 F.2d at 1208 (no estoppel where employer has not been harmed and employee has not been enriched); Martin, 566 F.2d at 898-99 (no estoppel by employer's unilateral decision to pay compensation benefits); Holcomb, 91 N.W.2d at 872 (no estoppel without concealment or misrepresentation on part of employee). There is no Florida authority to the contrary.
Plaintiff suffered serious orthopedic and neurological injuries in the accident. He argues here that if his injuries had been within the scope of employment, under Workers' Compensation Law, he would be entitled to continuing benefits for temporary partial disability and medical treatment, none of which are forthcoming. We agree that acquiescence by an employer to pay only a part of what would be its obligation under the Workers' Compensation Law does not satisfy the requirements for estoppel. See Martin, 566 F.2d at 898.
If it is determined, after a hearing on the merits, that the plaintiff was injured in the course of his employment, then the employer's obligation is to pay only such additional benefits as to which plaintiff can prove entitlement. If the accident was not in the course of employment and plaintiff can prove some vicarious fault of his employer in a tort action, the employer is entitled to set off the value of benefits paid out of proceeds from the tort action. See Martin, 566 F.2d at 899.
The employer has not carried its burden to demonstrate conclusively the nonexistence of genuine issues of law and fact, therefore, summary judgment was inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded.
BARKDULL, Judge, dissenting.
I respectfully dissent. The appellant Velez is a kitchen helper employee of Turnberry who was injured as a result of another employee accidently striking him with a golfcart during Velez's unpaid one-half lunch hour. While in the hospital Velez began receiving workers' compensation checks from Liberty Mutual, Turnberry's insurer. All of his medical bills were paid by Liberty, as well as a year's worth of disability payments. Velez never filed a notice of injury or a claim for workers' compensation benefits. He never prosecuted any claim for the benefits  he merely accepted same. The checks ceased when Velez was able to return to work. Thereafter, Velez and his wife filed a complaint in the Circuit Court alleging negligence against Turnberry and Liberty Mutual based upon Turnberry negligently leaving the keys in the ignition of a golfcart. The trial court entered a final summary judgment which stated:
"Turnberry Isle Country Club is entitled to a Summary Judgment as a matter of law, based upon its finding that the plaintiff's knowingly acceptance of workers' compensation benefits precludes this claim ..."
I would agree. Williams v. Duggan, 153 So.2d 726 (Fla. 1963); 1 Fla.Jur.2d Actions, Section 148; Section 440.11(1), Florida Statutes (1981); 25 Am.Jur.2d, Elections of Remedies, Section 21.