WIGGINTON, Judge.
Claimant appeals from the deputy commissioner’s order denying her claim for benefits on the alternative bases of election of remedies and equitable estoppel. The issue presented is whether claimant’s settlement of a claim for personal injuries in a civil action constituted an election of reme *1330 dies or calls for an application of the doctrine of equitable estoppel barring her from now seeking workers’ compensation benefits. We answer the question in the negative and reverse.
On January 20, 1983, claimant suffered severe personal injury in an automobile accident. The car was being driven by Viola Owens, a coemployee, and the accident occurred while the two women were returning from a trade show they had attended on behalf of the employer, Maharaja of India, Inc.[1] The automobile was titled in the name of Kumar Samtani for the use of Vaco, Inc. Vaco subsequently loaned the car to the employer, which in turn entrusted it to Manu Samtani, the employer’s president, who permitted Owens to drive it to the trade show.
Claimant did not initially file a claim for workers’ compensation benefits, and when the employer/carrier voluntarily began paying benefits, she returned the check on the advice of her attorney. They decided to return the benefits until it could be determined whether or not claimant was entitled to receive them, since, they maintained, there was some confusion as to whether the accident arose out of and in the course of claimant’s employment. Nevertheless, the benefits were returned with the express caveat that their return was without prejudice to claimant’s right to later file a proper claim for benefits.
On October 5, 1983, claimant filed suit in circuit court for personal injuries against Toyota Motor Sales and Toyota Motor Corporation, Viola Owens, the employer, Vaco, Kumar and Manu Samtani, Travelers Insurance Company, and State Farm. The complaint was later amended to, among other things, drop as named defendants the two insurance companies.
The employer and Owens raised as affirmative defenses the argument that claimant’s remedy was limited to that provided by the provisions of the Workers’ Compensation Act, chapter 440, Florida Statutes. To those affirmative defenses, claimant filed a simple denial.
Settlement negotiations began in October, 1984. It was allegedly claimant’s intention that she settle her claim for personal injuries against all defendants named in the action with the exception of Toyota, and to leave open her claim for workers’ compensation benefits. Thereafter, in December, claimant entered into a “Partial Settlement of Disputed Claim.” Under the settlement, she was to receive $125,000, $100,000 from Travelers Insurance Company (the automobile insurer), $10,000 from State Farm (Owens’ insurer), and $15,000 from the Samtanis personally. Significantly, paragraph two of the settlement provided that claimant had accepted the employer’s position that she was, on the date of the accident, an employee. Under the paragraph, it was provided that upon payment of the sums set forth in the settlement, claimant would dismiss with prejudice the employer from the civil action and would file a claim for workers’ compensation benefits. In consideration of the dismissal with prejudice, the employer agreed that it would urge its workers’ compensation carrier to immediately begin payment of all compensation benefits provided under chapter 440.
On December 1, 1984, the employer’s attorney wrote to the carrier and demanded that it begin paying claimant all workers’ compensation benefits to which she was entitled. In the letter, the attorney indicated that “[w]e have concluded a settlement of claim in order to avoid the possibility of any excess verdict being rendered against our client, and your insured [the employer].”
On January 7, 1985, claimant filed both her claim for benefits and her application for hearing. In the pretrial stipulation, the carrier set forth that claimant was not entitled to receive benefits because the injury did not occur within the scope of employment, because claimant had refused bene *1331 fits, and because claimant had elected to pursue her remedy in circuit court and was therefore estopped to claim workers’ compensation benefits. Although the deputy found that at the time of the accident claimant was in the course and scope of her employment,
... because of her actions in seeking redress for her injuries in circuit court wherein she took the position that she was not within the course and scope of her employment and thereafter by settling her circuit court claim under circumstances where settlement sums could be received only if she were not within the course and scope of her employment, she has in effect “elected her remedy” and is now estopped in asserting a position contrary to that previously taken.
The deputy found this case to be controlled by Federated Mutual Implement and Hardware Insurance Company v. Griffin, 237 So.2d 38 (Fla. 1st DCA 1970), and concluded that claimant, by taking the position in circuit court that she was not within the course and scope of her employment at the time of the accident, was equitably es-topped from taking a contrary position to obtain compensation benefits. The deputy also relied on Rhodes v. Industrial Commission, 92 Ill.2d 467, 66 Ill.Dec. 83, 442 N.E.2d 509 (1982), Martin v. C.A. Productions Company, 8 N.Y.2d 226, 203 N.Y. S.2d 845, 168 N.E.2d 666 (1960), Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984), Matthews v. G.S.P. Corporation, 354 So.2d 1243 (Fla. 1st DCA 1978), and Hume v. Thomason, 440 So.2d 441 (Fla. 1st DCA 1983).
Additionally, the deputy found that upon the settlement of the case with claimant’s coemployees who otherwise would be immune from liability had the accident occurred within the course and scope of claimant’s employment, and after specifically rejecting offered workers’ compensation benefits and affirmatively denying that she was within the course and scope of her employment, claimant elected her remedy to pursue her claim in the circuit court action and was therefore estopped to claim workers’ compensation benefits. Citing to Williams v. Duggan, 153 So.2d 726 (Fla. 1963), and Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936), the deputy found that the settlement was to claimant’s advantage, and was “efficacious” since it provided a remedy to the dispute that was the subject of the cause of action. On those bases, the deputy dismissed the claim with prejudice.
Citing for support to the cases relied on by the deputy, claimant argues that unless and until there has been an adjudication on the merits and some prejudice to the opposing party, there can be no binding election of remedies. In her case, she claims that the settlement did not amount to an adjudication on the merits and submits she made no attempt to bar the compensation carrier from maintaining its statutory defensive position that claimant was injured during the course and scope of her employment. Consequently, the carrier was not prejudiced by the civil action. Claimant questions the reason why Travelers and State Farm chose to make the payments they did, but points out that the compensation carrier has no standing to complain since it was not prejudiced by the liability carriers’ actions, and the employer assisted in negotiating the settlement.
Similarly relying on the cases cited by the deputy, and also citing Grauer v. Occidental Life Insurance Company of California, 363 So.2d 583 (Fla. 1st DCA 1978), and Lambert v. Nationwide Mutual Fire Insurance Company, 456 So.2d 517 (Fla. 1st DCA 1984), the employer/carrier maintain that Florida law does not require adjudication on the merits before election of remedies or estoppel principles will apply. Their position is that, just as in Lambert, the claimant herein should not be allowed to pursue her workers’ compensation claim after forcing a settlement by initially alleging in her complaint that she was not in the course and scope of her employment at the time of the accident.
While recognizing that the doctrines of equitable estoppel and election of remedies have been applied to bar claimants who have previously sought workers’ compensation and obtained orders on the merits ad *1332 vantageous or potentially advantageous to them from later maintaining civil actions against the employers, see, e.g., Pearson v. Harris and Matthews v. G.S.P. Corporation, and while not doubting the proposition that the compensation remedy is made exclusive by statute, see section 440.11, Florida Statutes (1981), we prefer to resolve the issue presented herein as it was resolved by the Superior Court of New Jersey in Tremonte v. Jersey Plastic Molders, Inc., 190 N.J.Super. 597, 464 A.2d 1198 (Super.Ct.App.Div.1983). In Tremonte, a case presenting a factual scenario remarkably similar to the one presented herein, the New Jersey Superior Court was of the opinion that an employer’s right to have a common law action dismissed on the basis that the claim would fall exclusively within the Workers’ Compensation Act is not one that cannot be waived. Instead, the court held that by the employer’s action in settling the common law suit by a voluntary payment, “it chose to buy its way out of that litigation and thereby waived its right to defend. In a word, it volunteered a payment which it did not need to make.” Id. at 1195.
In accepting that philosophy and applying it to the instant case, we avoid the harshness of the old Roman law doctrine of election of remedies so criticized by Professor Larson in his workmen’s compensation treatise. Larson, Workmen’s Compensation Law, Section 67.31, et seq.; but cf. Velez v. Oxford Development Co., 457 So.2d 1388 (Fla. 3d DCA 1984) (holding that the doctrine of election of remedies, which by its very terms presupposes that a plaintiff has at least two viable theories upon which recovery may be had, does not technically apply in the realm of workers’ compensation law where chapter 440 is the exclusive remedy for recovery against the employer when the accident arose in the course and scope of employment). It is even more significant to note that in the instant case, not only did the employer choose to “buy” its way out of the lawsuit, it did so while still maintaining its position that claimant’s sole remedy was by way of chapter 440. Further, claimant also conceded the exclusivity of chapter 440, which position is anything but inconsistent with the position she is presently assuming.[2]
We take note of the New Jersey policy espoused in Tremonte that compensation shall be paid for every compensable experience, and that no employee shall waive what is due him. 464 A.2d at 1195-1196. That policy is basically akin to the legislative intent set forth in chapter 440 that under the workers’ compensation rules the employee gains the right to compensation and medical expenses irrespective of the employer’s negligence or fault when injured by accident arising out of the course and scope of his employment. 57 Fla.Jur.2d Workers’ Compensation Section 17 (1985). New Jersey’s policy is also in keeping with the general rule that an employee cannot waive his right to benefits under a workmen’s compensation act, except to the extent that it may be expressly authorized by provisions therein. 100 C.J.S. Workmen’s Compensation Section 388 (1958). As stated in Tremonte, “[T]o permit the employer to enter into such a settlement with an employee at the risk of jeopardizing the employee’s workers’ compensation remedy would affront public policy.” 464 A.2d at 1195. Thus, as did the New Jersey Superior Court, we also reject the estoppel theory of the majority in Martin v. C.A. Productions Company, as well as the holding in Rhodes v. Industrial Commission, cases relied on by the deputy commissioner. Accordingly, any argument directed to denying an injured worker’s right to compensation on the basis of a waiver or estoppel theory will be closely scrutinized.
This is not to say, however, that we do not recognize the certain inequity in a claimant’s recovering twice for a proposed wrong (the evil against which the doctrine of election of remedies was created to protect). In order to rectify that wrong, we again turn to Tremonte and adopt that court’s position that the amounts paid in *1333 settlement shall be treated as a credit against the liability of the employer’s obligation under the Workers’ Compensation Act. 464 A.2d at 1196-1197. However, that credit should be limited to the net amount received by the employee, thus excluding the portion allocated to the employee’s attorney as his share of the consideration paid for the settlement. Id. at 1197.
In the instant case, it was unclear in the record and unaided by oral argument whether Travelers Insurance Company contributed to the settlement on behalf of the employer. Consequently, on remand, in determining the compensation due claimant, the deputy is directed to take evidence concerning a possible credit against the employer’s liability arising from any sums paid on its behalf by Travelers in the settlement agreement, and to exclude from that amount the portion allocated for attorney’s fees as the attorney’s share of the consideration paid for the settlement.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN, J., and McCORD, GUYTE P., JR. (Ret.), Associate Judge, concur.

. With the employer’s permission, the women had actually deviated from their course homeward in order to visit Owens' parents. However, the accident occurred during the resumption of their trip.

. With that distinction in mind, we find it especially harsh and unrealistic to apply the holding in Lambert v. Nationwide Mutual Fire Insurance Company, 456 So.2d 517 (Fla. 1st DCA 1984).