550 So.2d 1174 (1989)
Freddy ALVARADO, Appellant,
v.
MANRO, INCORPORATED, et al., Appellee.
No. 89-800.
District Court of Appeal of Florida, Third District.
October 24, 1989.
*1175 Mariano Sole, for appellant.
Nelson & Tacher and David L. Willing, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
This is an appeal by the plaintiff in a negligence action, Freddy Alvarado, from an adverse final summary judgment which was entered below based on the defendants' worker's compensation immunity. We reverse and remand for further proceedings on a holding that: (1) the trial court erred in denying the plaintiff's motion to amend his fourth amended complaint so as to allege that the plaintiff was employed by Bernuth Lines, rather than Manro, Inc., at the time of the subject accident, Montero v. Compugraphic Corp., 531 So.2d 1034 (Fla. 3d DCA 1988); Old Republic Ins. Co. v. Wilson, 449 So.2d 421 (Fla. 3d DCA 1984); Schurkman v. Stolar, 347 So.2d 653 (Fla. 3d DCA 1977); Bradham v. Hayes Enters., Inc., 306 So.2d 568 (Fla. 1st DCA 1975); (2) the evidence in the record is in conflict as to whether the plaintiff was employed by Bernuth Lines or Manro, Inc. at the time of the subject accident, thereby precluding the entry of the instant summary judgment based on the defendants' asserted worker's compensation immunity, Rogers v. Barrett, 46 So.2d 490 (Fla. 1950); Lloyd v. Powell Bros., 382 So.2d 1374 (Fla. 4th DCA), rev. denied, 392 So.2d 1376 (Fla. 1980); Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116, 119 (Fla. 1st DCA 1983); and (3) the fact that Manro, Inc. paid the plaintiff worker's compensation benefits does not in itself afford Manro, Inc. a worker's compensation immunity against the instant suit if Manro, Inc. was not the employer of the plaintiff  although, any tort recovery obtained against Manro, Inc. would have to be reduced by the worker's compensation benefits which Manro, Inc. paid to the plaintiff. Velez v. Oxford Dev. Co., 457 So.2d 1388 (Fla. 3d DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985).
Reversed and remanded.