573 So.2d 183 (1991)
Robert WISHART, II, Appellant,
v.
LAIDLAW TREE SERVICE, INC., a Foreign Corporation, Appellee.
No. 90-01210.
District Court of Appeal of Florida, Second District.
January 18, 1991.
Mark A. Neumaier, Tampa, for appellant.
Raymond T. Elligett, Jr., and Shirley T. Faircloth of Shackleford, Farrior, Stallings & Evans, Tampa, and Timon V. Sullivan of Gunn, Ogden & Sullivan, Tampa, for appellee.
PER CURIAM.
The appellant (the employee) was injured while on his unpaid one-half hour lunch break when the brakes failed on a flat-bed truck owned by the appellee (the employer), causing the truck to roll into an adjacent work truck, pinning the employee between the two vehicles and causing him serious injury. The accident occurred on February 27, 1989. While the employee was hospitalized for treatment of his injuries, he began to receive payments of worker's compensation benefits and continued to receive such payments until July or early August. At no time did the employee make any claim for worker's compensation benefits.
The employee brought this action against the employer on April 25, 1989, alleging *184 that the accident which caused him injury was due to the negligence of the employer. The employer filed a motion for summary judgment and that motion was granted. Final summary judgment in favor of the employer was entered on February 19, 1990. The employee appeals and we reverse.
The final summary judgment does not set forth the basis upon which summary judgment was granted. However, the parties agree that the trial judge concluded that the employee was not entitled to any recovery against the employer because the employee had received payments of worker's compensation benefits. The parties argue whether the employee thereby made an election of remedies or by accepting the payments is barred from pursuing this action. Acceptance of the payments constitutes no election of remedies and no bar to this action, whether based on waiver or estoppel. See Velez v. Oxford Dev. Co., 457 So.2d 1388 (Fla. 3d DCA 1984).
The facts in Velez are remarkably similar to the facts in this case. The Velez court pointed out that election of remedies by its very terms presupposes that a plaintiff has at least two viable theories upon which recovery may be had. That is not the case with respect to an injured employee. Where an injury is suffered in the course and scope of employment, worker's compensation is the exclusive remedy for recovery against the employer. § 440.11, Fla. Stat. (1989). That remedy is not available where an injury is suffered outside the course of employment. § 440.09(1).
In this situation, neither election of remedies, waiver, or estoppel applies simply because the employee accepts payment of worker's compensation benefits after he is injured. The critical issue of fact which must be determined by the trial judge is whether the employee was injured in the course and scope of his employment. It is obvious from the arguments on this appeal that this issue of fact is hotly contested. If it is determined, after hearing on the merits, that the employee was injured in the course of his employment, then the employer's obligation is to pay only such additional worker's compensation benefits as to which the employee can prove entitlement. If the accident was not in the course of employment, and the employee can prove fault on the part of his employer in a tort action, the employer will be entitled to set off the worker's compensation benefits paid out of the proceeds from the tort action.
The trial judge erred in entering summary judgment for the employer. We reverse and remand for further proceedings in accordance with this opinion.
Reversed and remanded.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.