617 So.2d 460 (1993)
Larry WRIGHT, Appellant,
v.
DOUGLAS N. HIGGINS, INC., a foreign corporation, Appellee.
No. 92-425.
District Court of Appeal of Florida, Third District.
May 4, 1993.
Frank B. Pridgen, Miami, for appellant.
Richard A. Sherman, P.A., Richard A. Sherman, Rosemary B. Wilder, Law Offices of Earleen H. Cote, and Scott M. Bender, Ft. Lauderdale, for appellee.
Before HUBBART, NESBITT and COPE, JJ.

ON MOTION FOR REHEARING
COPE, Judge.
On consideration of appellee's motion for rehearing we withdraw the opinion dated March 9, 1993 and substitute the following opinion in its place.
*461 Larry Wright appeals a summary final judgment in favor of Douglas N. Higgins, Inc. We reverse.
Wright applied for a job as a backhoe operator with Higgins. A supervisor gave him a tryout on a backhoe for a period of time in order to evaluate Wright's proficiency. Wright's performance was satisfactory. He was told to remain in the area for a decision on the job offer. It appears that the supervisor desired to hire Wright, but needed to obtain certain clearances.
While waiting, Wright voluntarily lent a hand to a crew which was operating a backhoe. The backhoe, operated by another worker, came into contact with power wires, causing an electrical injury to Wright.
Higgins and the worker's compensation carrier treated Wright as an employee for purposes of worker's compensation. The worker's compensation carrier voluntarily paid substantial medical bills and wage loss benefits to Wright. However, at the time the present suit was brought, no determination had been made on the extent of Wright's permanent disability.
Eventually Wright obtained legal counsel, who advised Wright that he was not an employee for purposes of worker's compensation. Wright brought suit against Higgins in tort. From a summary judgment in favor of Higgins, Wright appeals.
The first question is whether Wright was an employee for purposes of the worker's compensation law. The Florida Statute defines "employee" as one "engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written... ." § 440.02(13)(a), Fla. Stat. (1991). The general rule is that there is no worker's compensation before hiring. 1A Arthur Larson, The Law of Workmen's Compensation § 26.21 (1992). An exception is recognized for tryout periods, such as Wright's trial period operating the backhoe. See id. §§ 26.26, 47.42(a), (b); Laeng v. Workmen's Compensation Appeals Board, 6 Cal.3d 771, 100 Cal. Rptr. 377, 494 P.2d 1 (1972) (in bank). Here, however, the tryout period had ended. Wright was waiting on the premises like any other nontryout job applicant. It is undisputed that when he assisted the work crew he did so seeing that they needed a hand, and not at the request or direction of the supervisor, and not as part of any tryout. It is undisputed that one or more of the necessary clearances had not yet been obtained in order to have an unequivocal offer and acceptance of employment.[1]
The trial court ruled that Wright was estopped from bringing a civil suit against Higgins. The Florida Supreme Court has stated that "an individual [who claims and receives workers' compensation benefits] is estopped from bringing civil suit against an employer where the elements necessary for an estoppel are present." Mandico v. Taos Construction, Inc., 605 So.2d 850, 853 (Fla. 1992) (citations omitted). The elements of estoppel are:
1) a representation as to a material fact that is contrary to a later-asserted position;
2) reliance on that representation; and
3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon.
State Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981).
The elements of estoppel are not satisfied in this case. Construing the record in favor of Wright as the non-moving party on summary judgment, the record shows that Wright was injured in August. He had serious injuries and was immediately hospitalized. The day after the accident, Higgins filed a notice of injury with its worker's compensation insurance carrier. Higgins indicated that Wright was an employee. Higgins gave the carrier a factual statement and the carrier made such investigation as it saw fit. The carrier relied on the information supplied by Higgins and *462 did not interview Wright until several months after the accident. The carrier determined that there was coverage. It paid Wright's medical bills and later paid lost wages.[2] It is clear that the coverage determination was made on the basis of the facts supplied by Higgins, not Wright. Wright accepted compensation benefits, but passive acceptance of compensation benefits does not create an estoppel. Velez v. Oxford Development Co., 457 So.2d 1388, 1391 (Fla. 3d DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985).
Higgins argues, however, that the doctrine of estoppel should apply because after Wright had recuperated, he submitted claims for wage loss, which were paid. Higgins argues that because Wright signed the wage loss forms in the space indicated for "employee," this constituted a representation by Wright that he was an employee within the meaning of the worker's compensation law and that there has been a change of position in reliance thereon.
Again construing the record in the light most favorable to Wright, the non-moving party on summary judgment, the present record does not support Higgins' position. The injured worker is not expected to be an expert in the intricacies of worker's compensation law. Here, the carrier had investigated while Wright was in the hospital. Higgins itself believed that Wright was an employee for purposes of worker's compensation. The carrier had informed Wright that he was entitled to benefits. The carrier sent Wright forms to complete as an employee, and he did so.[3] The most logical reading of this record is that Wright relied on the carrier's determination that he was an "employee" for purposes of worker's compensation benefits, and not the other way around. The summary judgment cannot, in our view, be affirmed on this record on the basis of estoppel.[4]
The summary judgment is reversed and the cause remanded for further proceedings consistent herewith. As established in prior decisions, the insurance carrier is entitled to a setoff against any recovery that the plaintiff may realize, in order to compensate the carrier for benefits paid. See Alvarado v. Manro, Inc., 550 So.2d 1174 (Fla. 3d DCA 1989); Velez v. Oxford Development Co., 457 So.2d at 1390. The plaintiff cannot, of course, continue to receive worker's compensation benefits subsequent to the filing of the tort suit.
Reversed and remanded.
NOTES
[1] A supervisory clearance had not yet been obtained, and a job had not been offered at a specific pay rate. It would not, however, have been necessary to the employment status that there have been "the completion of paper formalities... ." 1A Arthur Larson, The Law of Workmen's Compensation § 26.23 p. 5-325 (1992).
[2] Because benefits were voluntarily paid, no claim was filed invoking the jurisdiction of the Division of Worker's Compensation. See § 440.19(1), Fla. Stat. (1989). If that had been done, then the Division would have had "the primary responsibility and jurisdiction to determine the issue of compensability." 2A Arthur Larson, The Law of Workmen's Compensation § 67.33, at 12-148, 12-149 (footnotes omitted); see also id. § 67.34.
[3] Wright also called the carrier about his benefit checks from time to time.
[4] For present purposes we need not consider whether a change in position by Higgins' insurance carrier would constitute a change in position "detrimental to the party claiming estoppel," 403 So.2d at 400, i.e., Higgins.