650 So.2d 653 (1995)
Michael LOWRY, Appellant,
v.
Harold G. LOGAN and Janelle Jose Watson, Appellees.
No. 94-76.
District Court of Appeal of Florida, First District.
February 9, 1995.
*654 Jeffrey P. Gill of Bridgers, Gill & Holman, Pensacola, for appellant.
Larry Hill of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for appellees.
VAN NORTWICK, Judge.
Michael Lowry appeals a final summary judgment entered in his negligence suit against appellees, his alleged employers. In its order granting summary judgment, the trial court ruled, as a matter of law, that Lowry's receipt of workers' compensation benefits both before and for three months after filing suit constituted an election of remedies which barred his tort action. The trial court acknowledges in its order that disputed fact issues remain concerning whether Lowry was an employee or an independent contractor and whether, if Lowry was an employee, he was acting within the course and scope of his employment at the time of his accident. Nevertheless, the trial court concludes that, in view of Lowry's election of remedies, these issues of fact do not prevent resolution of this case by summary judgment. We disagree and reverse.
Lowry resided at a mobile home park owned by the appellee Janelle Jose Watson and managed by appellee Harold G. Logan, Watson's son. In approximately October 1991, Lowry was hired by the appellees to perform maintenance work at the mobile home park. He worked an average of approximately 20 hours a week at a wage of six dollars per hour. When he began working for appellees the parties signed an agreement which provided that Lowry was acting as an independent contractor and not an employee of appellees.
On August 21, 1992, Lowry was a passenger in a truck owned by Logan and operated by Watson, when, while returning from a trip to purchase building materials, he was injured in a motor vehicle accident. Subsequent to the accident, Logan filed a notice of injury with appellees' workers' compensation carrier. Lowry did not sign the notice of injury and never filed a claim for benefits. According to him, he was under the impression *655 that he was not covered by workers' compensation in his employment with appellees. Nevertheless, Lowry's medical bills and temporary total disability benefits were paid by the workers' compensation carrier.
For a brief period, Lowry was placed in a temporary partial disability status by the carrier, at which point he was required to fill out and sign temporary partial/wage loss forms in order to receive this class of benefits. Shortly thereafter, he was returned to temporary total disability status, and he continued to receive temporary total disability benefits until a few months after this negligence suit was filed.
In this appeal, appellees first contend that, not withstanding the unresolved factual issues concerning whether Lowry was an independent contractor or whether Lowry was injured in the scope and course of his employment, the trial court could have determined as a matter of law that appellees were entitled to summary judgment because appellees had secured a workers' compensation insurance policy which covered Lowry. They argue that under section 440.04(2), Florida Statutes (1991), the acceptance of a workers' compensation policy of insurance by the employer and the writing of it by a carrier constitute a waiver of the exclusion of an independent contractor from the Workers' Compensation Act and operates to bring the independent contractor under its coverage. Therefore, appellees argue that it is not material whether Lowry was an independent contractor or whether he was injured in the course and scope of employment since they exercised their unilateral right to acquire workers' compensation coverage for an independent contractor under section 440.04(2).
The record below is silent as to why the workers' compensation carrier, who is not a party to these proceedings, accepted compensability of this accident. Ordinarily, section 440.02(13)(d)1 excludes an independent contractor from the definition of an "employee" under the Workers' Compensation Act. As a result, the party hiring such an independent contractor is not required to obtain workers' compensation coverage for the independent contractor and is not entitled to the immunity from civil suit for work-related injuries suffered by the independent contractor. § 440.11, Fla. Stat. (1991). Under section 440.04, however, a party hiring a person who is excluded from the definition of "employee" under the act may elect to waive such exclusion and accept the provisions of Chapter 440 by giving notice of such election to the Division of Workers' Compensation, as provided in section 440.05, or by obtaining a policy of insurance securing the benefits of Chapter 440 to such person. Allen v. Estate of Carman, 281 So.2d 317, 322-23 (Fla. 1973). Although appellees contend that they have complied with section 440.04 by purchasing a policy or contract of insurance securing the benefits of Chapter 440 with respect to Lowry, there is no evidence in the record of either an insurance policy containing an affirmative election by appellees and their carrier to cover Lowry, notwithstanding his alleged independent contractor status and the question of whether he was injured outside the scope and course of his employment, or a mailed notice of such election to the Division of Workers' Compensation pursuant to section 440.05. Accordingly, there is no factual basis in the record on which appellees can establish a basis for reliance on section 440.04(2) to sustain the summary judgment.
Turning to the primary basis for the trial court's ruling, that Lowry made a conscious choice of remedies and elected and received workers' compensation benefits as his exclusive remedy, we find that summary judgment was prematurely granted, and the cases[1] upon which the trial court relied for its order are all distinguishable.
Before turning to an analysis of these cases, however, it is necessary to briefly discuss the development of the doctrine of election of remedies in Florida. This doctrine "... is an application of the doctrine of estoppel and provides that the one electing should not later be permitted to avail himself of an inconsistent course." Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (1936). As the Supreme Court of Florida explained in Robineau, 168 So. at 646:

*656 An election of remedies presupposes a right to elect. It is a choice shown by an overt act between two inconsistent rights, either of which may be asserted at the will of the chooser alone. It is generally conceded that to be conclusive it must be efficacious to some extent. A position taken which does not injure the opposite party is not an election which precludes a change or raises an estoppel. The election is matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other.
In Robineau, the court adopted what it described as "the more liberal rule" of the doctrine, under which the mere bringing of an action or choosing of a remedy is not deemed an "election of remedies," unless the remedy chosen is pursued to full satisfaction. As the court stated, "the mere bringing of an action or suit which is dismissed before a judgment, where no advantage has been gained or detriment occasioned, does not constitute an election of remedies." Id. at 646.
In Williams v. Duggan, 153 So.2d 726 (Fla. 1963), the Supreme Court applied the Robineau rule to a claim filed under the Workmen's Compensation Act. In Williams, the District Court of Appeal had affirmed the trial court's summary judgment holding that the filing of a claim in a workers' compensation case constituted an irrevocable election of remedies, even when the claim was terminated without an adjudication on the merits. The Supreme Court quashed the decision of the District Court, finding it in direct conflict with Robineau, and held that "[t]he filing of a workers' compensation claim together with the procedural steps preliminary to the dismissal as in this case, without any disposition of the issues on the merits, does not in our judgment amount to an election between alternative remedies ...," id. 168 So. at 727. As a result, the employee was not precluded from prosecuting a civil action against his employers for personal injuries based upon the same accident for which workers' compensation benefits had been sought.
As set forth in Robineau and Williams, Florida follows the rule that either a dismissed or an unsuccessful compensation claim does not bar a damage suit. In Marta v. Continental Mfg. Co., Inc., 400 So.2d 181 (Fla. 4th DCA 1981), Marta filed a compensation claim which was denied because his employer was not covered by compensation insurance at the time of the injury. Specifically, the carrier successfully defended the claim on the grounds that its policy had not taken effect until several days after the claimant's accident. Marta's subsequent suit in circuit court was dismissed with prejudice based upon the trial court's conclusion that Marta's act of filing a claim constituted an election of remedies which precluded him from later pursuing an action in circuit court. The Fourth District reversed and remanded the case for further proceedings on the grounds that Marta's right to sue in circuit court did not accrue until it had been determined that the employer lacked insurance coverage, and, since suit in circuit court was not an option available to Marta prior to that determination, there had been no election of remedies.
Of course, the result is different when the choice of either the workers' compensation or the civil damages remedy proves successful. A successful compensation claim in Florida bars a subsequent damages suit. Pearson v. Harris, 449 So.2d 339 (Fla. 1st DCA 1984); Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981); Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978); Michael v. Centex-Rooney Construction Co., Inc., 645 So.2d 133 (Fla. 4th DCA 1994).
Instructive on this point is this court's decision in Greene v. Maharaja of India, Inc., 485 So.2d 1329 (Fla. 1st DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). Greene was injured in an automobile accident while returning from a trade show that she had attended on behalf of her employer. The car was being driven by a co-employee. Greene brought suit against several defendants, including the co-employee and the employer. These two defendants raised as an affirmative defense the exclusivity provisions of the Workers' Compensation Act. Greene entered a partial settlement with all parties. With respect to the employer, the settlement provided that Greene would dismiss the civil action with prejudice as to the employer and would file a claim for workers' compensation benefits. However, upon the subsequent filing of a claim, the carrier raised the defenses *657 that Greene's injury had not occurred within the course and scope of employment and that, since Greene had elected to pursue her remedy in circuit court, she was estopped to claim workers' compensation benefits. The deputy commissioner denied the claim. On appeal, this court held that the filing of and settlement reached in the civil action was not an election of remedies or collateral estoppel precluding Greene from seeking workers' compensation benefits. In its opinion in Greene, this court distinguished cases such as Pearson and Matthews, where the doctrines of equitable estoppel and election of remedies had been applied to bar claimants from later maintaining civil actions, on the rationale that the plaintiffs there had "... previously sought workers' compensation and obtained orders on the merits advantageous or potentially advantageous to them... ." Greene, 485 So.2d at 1331-32.
Consistent with the rule of law that to constitute an election of remedies the workers' compensation remedy must be pursued to a determination or conclusion on the merits, Florida courts also hold that mere acceptance by a claimant of some compensation benefits is not enough to constitute an election. There must be evidence of a conscious intent by the claimant to elect the compensation remedy and to waive his other rights. Wishart v. Laidlaw Tree Service, Inc., 573 So.2d 183 (Fla. 2d DCA 1991); Velez v. Oxford Development Co., 457 So.2d 1388 (Fla. 3d DCA 1984), pet. for rev. denied, 467 So.2d 1000 (Fla. 1985).
The case of Ferraro v. Marr, 490 So.2d 188 (Fla. 2d DCA), rev. denied, 496 So.2d 143 (Fla. 1986), upon which the trial court relied in granting summary judgment below, is consistent with this line of cases. In Ferraro, the court held that the employer was immune from a tort action because the plaintiff had received workers' compensation benefits from his employer's insurance carrier. In Ferraro, the court relied on the facts that the plaintiff had entered into a stipulation agreeing his accident arose out of in the course and scope of his employment, that a claim for workers' compensation benefits had been filed by the plaintiff, that plaintiff admitted that he knowingly signed the claim, and that the claimant made a conscious choice to receive, and ultimately did receive, compensation benefits. In short, the workers' compensation remedy in Ferraro was "efficacious" within the meaning of Robineau, 168 So. at 646.
Similarly, the case of Mandico v. Taos Construction, 605 So.2d 850 (Fla. 1992), upon which the trial court below relied, is also consistent with the Robineau rule as applied in Velez and Wishart. In Mandico, Mandico as an independent contractor entered a written agreement with the employer, Taos Construction, which provided that, if Mandico did not have a workers' compensation policy of his own, seven percent of his wages would be deducted for such insurance. On those facts, Mandico was held to have elected to be covered by workers' compensation and was therefore bound by the provisions of Chapter 440, including the exclusiveness of liability provisions contained therein. Clearly, in Mandico there was evidence of a conscious choice of remedies, and the claimant had the power to and did assert this choice.
Finally, turning to the last case cited by the trial court in support of its summary judgment, Wright v. Douglas N. Higgins, Inc., 617 So.2d 460 (Fla. 3d DCA), rev. denied, 626 So.2d 204 (Fla. 1993), we find that this case supports reversal. The court in Wright held that Wright, who accepted payments from the workers' compensation carrier, was not estopped from claiming that he was not an "employee" and seeking tort damages in a civil action. Wright was injured on the employers premises after he had undergone a job interview and tryout. While waiting for the supervisor to obtain clearance to hire him, Wright assisted other employees, but did so voluntarily and without direction or request. On these facts, the court determined that an employee relationship was not established and thus, it follows, the injury could not arise out of or occur in the course of employment and a civil remedy was available to Wright. As Lowry has done herein, Wright had submitted claims for wage loss. Nevertheless, the court determined that submitting claims alone was not sufficient to invoke the doctrine of estoppel. The last sentence of the opinion in Wright, on which the trial court below specifically relied, to the effect that Wright could not continue to receive workers' compensation benefits subsequent to the filing of a tort suit, should be *658 treated as a gratuitous remark which does not control the outcome of the case.
We find that, given the facts and circumstances of this case, the most analogous decision, and the one which controls this case, is the Second District Court of Appeal's decision in Wishart v. Laidlaw Tree Service, Inc., supra. In Wishart, the accident occurred on February 27, 1989 and the tort suit was brought on April 25, 1989. Nevertheless, the employee continued to receive workers' compensation benefits until July or early August 1989. The trial court concluded that the employee was not entitled to any recovery because he had received payments of workers' compensation benefits and granted summary judgment. Noting that acceptance of payments did not constitute an election of remedies, the Second District Court of Appeal reversed and remanded for a determination of the critical issue of fact of whether the employee was injured in the course and scope of his employment. Specifically, the court said:
[E]lection of remedies by its very terms presupposes that a plaintiff has at least two viable theories upon which recovery may be had. That is not the case with respect to an injured employee. When injury is suffered in the course and scope of employment, workers' compensation is the exclusive remedy for recovery against the employer. § 440.11, Fla. Stat. (1989). That remedy is not available where an injury is suffered outside the course of employment. § 440.09(1).
573 So.2d at 184.
In this case, Lowry has not pursued his workers' compensation remedy to a determination on the merits or final settlement. Further, there remain disputed issues of fact concerning whether Lowry is an covered employee or an independent contractor and whether he was injured in the course and scope of his employment. As in Wishart, resolution of those issues in the trial court will determine whether Lowry's remedy lies exclusively in the civil action or exclusively in a workers' compensation claim. Thus, the summary judgment here was premature and must be reversed. The cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
MICKLE, J., concurs.
KAHN, J., concurs in result with written opinion.
KAHN, J., concurring in result.
I agree that the summary judgment in favor of Logan and Watson must be reversed. The undisputed facts do not show as a matter of law that Lowry made a conscious choice of remedies and elected to receive workers' compensation benefits. I do not, however, agree with the statement made by the Second District in Wishart v. Laidlaw Tree Service, Inc., 573 So.2d 183, 184 (Fla.2d DCA 1991), and quoted with approval by the majority at Slip Op. 12. Wishart and the case it relied upon, Velez v. Oxford Development Co., 457 So.2d 1388 (Fla.3d DCA 1984), present what I conclude to be an oversimplified view of election of remedies in the workers' compensation context. Both cases suggest that "at least two viable theories upon which recovery may be had" never exist "with respect to an injured employee." Wishart, 573 So.2d at 184. While the question of course and scope of employment will most often control, I would suggest that instances do arise in which the answer to the question is sufficiently elusive so as to allow a conscious election of remedies that would operate to bar a subsequent inconsistent claim. As the majority eloquently point out, this is not such a case.
NOTES
[1] Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla. 1992); Wright v. Douglas N. Higgins, Inc., 617 So.2d 460 (Fla. 3d DCA), rev. denied, 626 So.2d 204 (Fla. 1993); Ferraro v. Marr, 490 So.2d 188 (Fla. 2d DCA), rev. denied, 496 So.2d 143 (Fla. 1986).