PATTERSON, Acting Chief Judge.
Richard A. Gilbert, as Michael MeKau-ghan’s guardian ad litem, appeals from a summary order of an administrative law judge which dismisses his petition for benefits under the Florida Birth-Related Neuro *689 logical Injury Compensation Plan (the Plan). We reverse the order and remand for reinstatement of the petition and further proceedings.
This litigation began in January 1992 when Jaimes MeKaughan and Darlene MeKau-ghan-Lack, Michael’s parents, filed a medical malpractice action against William L. Capps, M.D., Kenneth Soloman, M.D., and their professional associations, and Humana of Florida, Inc., d/b/a Humana Women’s Hospital Tampa. The suit alleged that the defendants’ negligence caused Michael to suffer injuries at or near the time of his birth on May 19, 1989, which rendered him a quadriplegic with substantial mental impairment. Dr. Capps provided the obstetrical services during Michael’s birth, and Dr. Soloman provided neonatal care subsequent to the birth. The defendants asserted, as affirmative defenses, that the suit was barred by virtue of the Plan’s statutory provisions affording an exclusive administrative remedy for infants who sustain birth-related neurological injuries.
The trial court stayed the action and directed the McKaughans to file a petition for benefits under the Plan. They did so, but alleged in their petition that Michael had not suffered a birth-related neurological injury as defined by the Plan. In that proceeding, the administrative law judge dismissed the petition, finding that
it would be rather anomalous to accede, as suggested by the circuit court, and accept the petition, as filed, where the petitioners have the burden of demonstrating entitlement to benefits under the Plan, but propose to prove a negative: that they are not entitled to such benefits. Section 766.309(l)(a).
The medical malpractice defendants, who had been granted leave to intervene in the administrative proceeding, together with the Florida Birth-Related Neurological Injury Compensation Association (NICA), appealed that decision to this court.
In Humana of Florida, Inc. v. McKaughan, 652 So.2d 852 (Fla. 2d DCA 1995) (“McKaughan I”), this court affirmed the dismissal, holding that the issue of the exclusive remedy of the Plan was the proper subject of litigation and determination in the circuit court as an affirmative defense in that action. We certified the issue to our supreme court. In Florida Birth-Related Neurological Injury Compensation Ass’n v. McKaughan, 668 So.2d 974 (Fla.1996) (“McKaughan II”), the supreme court approved our decision, holding that the Plan does not vest exclusive jurisdiction in an administrative hearing officer to determine if an injury suffered by a newborn infant is covered by the Plan when the Plan’s provisions are raised as an affirmative defense to a medical malpractice action in the circuit court.
The action in the circuit court then resumed, where Humana filed a motion to appoint a guardian ad litem for Michael. The motion alleged that a conflict of interest existed between Michael and his parents on the issue of whether he had suffered a birth-related neurological injury covered by the Plan. Richard Gilbert was appointed as the guardian ad litem on May 7, 1996. On May 16, 1996, he filed an administrative petition on Michael’s behalf for Plan benefits. However, the claim was abated by order dated July 8, 1996, pending a Florida Supreme Court decision on the issue of pre-delivery notice of NICA participation.
The civil action then proceeded towards a scheduled trial date of April 14, 1997. Prior to trial, a settlement was reached with Hu-mana and Dr. Capps. During the trial, Dr. Soloman settled. There was no judicial determination of the defendants’ affirmative defenses.
The stay on the guardian’s administrative petition was lifted on July 30, 1997, and on August 12, 1997, the guardian advised the agency that he wished to proceed with his claim. NICA then filed its “Response to Petition and Motion for Final Summary Order” wherein it asserted that the guardian’s claim was waived or otherwise barred by the settlement of the civil action. The administrative law judge ordered the parties to provide a stipulated record, which they did. In pertinent part, that stipulation provided:
*690 1. Michael was a born-alive infant at Huma-na Women’s Hospital, a participant in the Plan.
2. The physician providing the obstetrical services during Michael’s birth was Dr. Capps, a participant in the Plan.
3. At or near the time of Michael’s birth, he suffered a fracture of his cervical vertebra, a transected spinal cord, and other neurological injuries.
4. Michael’s parents instituted a medical malpractice action wherein the defendants asserted, as affirmative defenses, the claim was barred by the Plan’s statutory provisions.
5. The civil action was settled. The trial court dismissed the action with prejudice without a resolution of the defendants’ affirmative defenses. The guardian participated in the settlement as guardian ad litem. The trial court did not make a judicial determination that Michael suffered a birth-related injury as defined by the Plan.
The stipulation went on to identify the following disputed issues of fact: '
1. Whether Michael did in fact suffer a “birth-related neurological injury” as defined in section 766.302(2), Florida Statutes (Supp.1988), so as to entitle him to benefits?
2. If not barred by the settlement of the civil action, how much compensation is to be awarded?
Thereafter, the administrative law judge entered his “Summary Final Order of Dismissal” determining that Michael’s claim was barred by the doctrine of election of remedies and that to permit the petition to proceed would thwart the purpose of the Plan.
We first address the issue of whether the receipt of compensation by a “NICA baby” from a source other than NICA “would thwart the purpose of the plan.” It clearly does not. Section 766.31(l)(a), Florida Statutes (Supp.1988), recognizes that a NICA infant may receive compensation from other sources, such as state and federal governments and health insurance. It provides that these benefits shall be an offset to benefits under the Plan. The law does not address benefits which may be received from other collateral sources, such as charities, or even from the health care provider on a voluntary basis. Therefore, the fact that Michael has received benefits from other sources, in and of itself, has no effect on his entitlement to Plan benefits.
The sole issue is whether the obtaining of benefits as a product of a civil action forecloses access to Plan benefits. The answer is yes if that action resulted in a factual determination that the infant was not a NICA baby. Conversely, if an administrative petition results in a determination that the infant is a NICA baby, a civil action is foreclosed. The remedies are mutually exclusive, but only upon a determination of whether the infant is a NICA baby. That is the core issue of both the civil action and the administrative petition. To maintain the civil action and avoid the exclusive remedy provisions of section 766.303(2), Florida Statutes (Supp.1988), the McKaughans alleged that Michael was not a NICA baby. The resulting settlement of that action, although it may imply that assertion to be true, fell short of such a determination, by admission or otherwise. The issue remains open to determination, as if neither the civil action nor the administrative proceeding had been commenced.
The administrative law judge found that even absent that determination, the pursuit and settlement of the civil action constituted an election of remedies which foreclosed the administrative petition. In so finding, the administrative law judge relied on two workers’ compensation cases, Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA 1995), and Michael v. Centex-Rooney Construction Co., 645 So.2d 133 (Fla. 4th DCA 1994). Although, we have recognized the similarities between chapter 440 and chapter 766, see McKaughan I, 652 So.2d at 857-59, these cases do not support the administrative law judge’s conclusion. In Lowry, the issue was whether Lowry was an independent contractor entitled to sue his employer in a civil action. The employer had filed a notice of injury with its workers’ compensation carrier on Lowry’s behalf and Lowry began to receive workers’ compensation benefits. Lowry then *691 filed a negligence suit against the employer in civil court. The trial court granted summary judgment, finding that Lowry’s acceptance of workers’ compensation benefits constituted an election of remedies as a matter of law. Holding that Lowry had not pursued his workers’ compensation remedy to a determination on the merits, the appellate court reversed and remanded on the fact issue of whether workers’ compensation immunity applied based on Lowry’s employment status. Lowry is similar to this case in that no determination on the merits has ever been made.
In Michael, Michael filed a workers’ compensation claim which the employer disputed, contending that Michael was an independent contractor. Michael suffered an adverse determination and appealed. During the pen-dency of the appeal, Michael entered into a settlement with the employer and its workers’ compensation carrier, which the judge of compensation claims approved based on a joint petition of the parties. Michael then brought a civil action which resulted in a summary judgment in the employer’s favor. The court found that Michael had elected his remedy which precluded the civil action. The appellate court affirmed, holding that Michael had actively pursued and received workers’ compensation benefits, constituting an election of remedies. We agree with the holding in Michael because Michael pursued a statutory remedy that includes a provision for civil immunity of the employer. Michael does not apply here because the McKau-ghans did not pursue a statutory remedy to a successful conclusion.
The MeKaughans pursued a common law cause of action in tort which has no corollary statute providing an exclusive remedy.[1] In the area of workers’ compensation law, we find Greene v. Maharaja of India, Inc., 485 So.2d 1329 (Fla. 1st DCA 1986), to be closer on point. Greene was an employee of Maharaja and was injured in an automobile accident while returning from a trade show she *692 had attended on the employer’s behalf. She initially rejected workers’ compensation benefits and brought a civil negligence action, naming numerous parties including the employer and the driver of the vehicle who was a co-employee. She thereafter entered into a settlement, which dismissed the employer with prejudice, but reserved her right to pursue workers’ compensation benefits. Greene then initiated a workers’ compensation claim in which the workers’ compensation insurance carrier asserted the defense of election of remedies. The deputy (now known as the judge of compensation claims) ruled for the carrier and held:
[Bjecause of her actions in seeking redress for her injuries in circuit court wherein she took the position that she was not within the course and scope of her employment and thereafter by settling her circuit court claim under circumstances where settlement sums could be received only if she were not within the course and scope of her employment, she has in effect “elected her remedy” and is now estopped in asserting a position contrary to that previously taken.
Id. at 1331. In reversing, the First District cited to Tremonte v. Jersey Plastic Molders, Inc., 190 N.J.Super. 597, 464 A.2d 1193, 1195 (N.J.Super.Ct.App.Div.1983), which under similar facts, held that the employer “chose to buy its way out of that litigation and thereby waived its right to defend. In a word, it volunteered a payment which it did not need to make.” The court held that the settlement did not constitute an election of remedies. The law of workers’ compensation, if persuasive, tends to support our conclusion in this case.
Finally, the facts of this case do not fit within the law of election of remedies. Our leading authority in this area is Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (Fla.1936), where the court explained:
An election of remedies presupposes a right to elect. It is a choice shown by an overt act between two inconsistent rights, either of which may be asserted at the will of the chooser alone. It is generally conceded that to be conclusive it must be efficacious to some extent. A position taken which does not injure the opposite party is not an election which precludes a change or raises an estoppel. The election is matured when the rights of the parties have been materially affected to the advantage of one or the disadvantage of the other.
(Emphasis added.) Here, the guardian’s positions in the civil action and the administrative proceeding were inconsistent, but he did not have the option of choosing his theory of recovery. His theory of recovery was dependent upon the determination of whether Michael met the statutory definition of a NICA baby. Michael’s remedies, therefore, were not coexistent and inconsistent as is required to apply the election of remedies doctrine. See Barbe v. Villeneuve, 505 So.2d 1331 (Fla.1987).
The fact that the defendants in the civil action elected to “buy their way out” of possible liability in no way adversely affects NICA. NICA has no more or no less liability now then it did absent the civil action. Thus, the doctrine of election of remedies does not apply. Therefore, we reverse the administrative law judge’s summary order dismissing the petition for benefits under the Plan and remand for the resolution of factual issues which will determine NICA’s liability.
Reversed and remanded.
ALTENBERND and GREEN, JJ„ Concur.

. The Plan was first proposed by the 1987 Academic Task Force for Review of the Insurance and Tort Systems. See Galen of Fla., Inc. v. Braniff, 696 So.2d 308 (Fla.1997). In its November 6, 1987, report, the Task Force recommended adoption of a no-fault compensation plan for birth-related neurological injuries similar to the then newly-enacted Virginia Plan (1987 Va. Acts Ch. 540). Id. In 1990, the Virginia plan was amended to include, in relevant part, the following provision in its exclusivity clause,
§ 38.2-5002:
D. Notwithstanding anything to the contrary in this section, a civil action arising out of or related to a birth-related neurological injury under this chapter, brought by an infant, shall not be foreclosed against a nonparticipating physician or hospital, provided that (i) no participating physician or hospital shall be made a party to any such action or related action, and (ii) the commencement of any such action, regardless of its outcome, shall constitute an election of remedies, to the exclusion of any claim under this chapter....
1990 Va. Acts Ch. 535 (emphasis added). In 1993, the Florida Legislature amended the Plan. See Ch. 93-251, Laws of Fla. (1993). Among other changes, the legislature reduced the time to file a Plan petition from seven years to five years. However, the legislature did not incorporate an election of remedies clause like Virginia’s statute.
In 1998, however, the legislature did amend section 766.304 to provide:
766.304 Administrative law judge to determine claims.
The administrative law judge shall hear and determine all claims filed pursuant to ss. 766.301-766.316 and shall exercise the full power and authority granted to her or him in chapter 120, as necessary, to carry out the purposes of such sections. The administrative law judge has exclusive jurisdiction to determine whether a claim filed under this act is compen-sable. No civil action may be brought until the determinations under s. 766.309 have been made by the administrative law judge. If the administrative law judge determines that the claimant is entitled to compensation from the association, no civil action may be brought or continued in violation of the exclusiveness of remedy provisions of s. 766.303. If it is determined that a claim filed under this act is not compensable, the doctrine of neither collateral estoppel nor res judicata shall prohibit the claimant from pursuing any and all civil remedies available under common law and statutory law. The findings of fact and conclusions of law of the administrative law judge shall not be admissible in any subsequent proceeding; however, the sworn testimony of any person and the exhibits introduced into evidence in the administrative case are admissible as impeachment in any subsequent civil action only against a party to the administrative proceeding, subject to the Rules of Evidence. An action may not be brought under ss. 766.301-766.316 if the claimant recovers or final judgment is entered. The division may adopt rules to promote the efficient administration of, and to minimize the cost associated with, the prosecution of claims.
Ch. 98-113, § 1, at 524, Laws of Fla.