766 So.2d 1249 (2000)
Maria Minerva HERNANDEZ, etc., et al., Appellants,
v.
UNITED CONTRACTORS CORP., Appellee.
No. 3D99-00569.
District Court of Appeal of Florida, Third District.
September 27, 2000.
*1250 Freshman, Freshman & Traitz; Jay M. Levy, Miami, for appellants.
Papy, Weissenborn, Poole & Vraspir and Sheridan K. Weissenborn, Coral Gables, for appellee.
Before COPE and SORONDO, JJ., and NESBITT, Senior Judge.

ON MOTION FOR CLARIFICATION
SORONDO, J.
We grant Appellant's Motion for Clarification on our original opinion. Accordingly, *1251 this court's opinion filed July 5, 2000, in this case is withdrawn, and we issue the following in its place.
Maria Minerva Hernandez appeals from the lower court's final summary judgment entered in favor of United Contractors Corp. We reverse.
On August 1, 1995, Ricardo Ariel Hernandez (decedent), worked as a construction laborer for C.A. Associates, Inc. (CA), a subcontractor hired by United to secure material and equipment at a construction site in anticipation of Hurricane Erin's landfall. CA's job was scheduled to end that day. At the end of the day, Craig Davidson, CA's general manager, advised the decedent and his other employees to go home and call after the hurricane rather than come back to the site.
The next day, the decedent returned to the work site and spoke with United's general superintendent, Jack Cook, to see if there was any work. Cook advised him that there was none and thought that the decedent had left the site as he saw his truck heading off the property. The decedent apparently traveled to a remote area of the site away from where he had been working for CA. While there, he was accidently pinned against a dredge by a front-end loader and killed.
Davidson filed a Notice of Injury pursuant to the Workers' Compensation Act, asserting that the decedent was employed by CA from July 28, 1995 until his death on August 2, 1995. In response, CA's workers' compensation insurance carrier filed a denial.
Hernandez, the decedent's common-law wife, filed suit against multiple defendants including United, on behalf of herself, the estate, and her two minor children, Amy and Adrian. During the pendency of the wrongful death action, Hernandez, as personal representative of the decedent's estate, filed a petition seeking workers' compensation death benefits against CA on her own behalf and also on behalf of the children. At mediation, Hernandez and CA's workers' compensation carrier reached a settlement. They entered into a stipulation to discharge any further liability and benefits in exchange for a lump sum payment of $10,000 of workers' compensation death benefits. The terms of the settlement agreement dictated that no admissions were being made by either side and the employer specifically reserved all defenses, including compensability, employer/employee relationship, and course and scope of employment. No guardian ad litem was appointed to represent the children, and the permission of the probate court was not sought with regard to the terms of the stipulation. Hernandez executed an affidavit averring that she was the surviving spouse of the decedent, who sustained a fatal injury while working for CA. The Judge of Compensation Claims (JCC) approved the settlement and ordered the release of the employer and carrier from liability for all workers' compensation benefits with no mention of the minor children.
Thereafter, United moved for summary judgment in the wrongful death action, asserting that it was immune from liability in tort as the decedent's statutory employer pursuant to section 440.10(1)(b), Florida Statutes (1995). At the hearing on the motion, Hernandez contended that she had not stipulated in the settlement that the accident had arisen out of the course and scope of the decedent's employment and that the minor children did not receive any compensation and had not accepted any benefits from the workers' compensation carrier. The trial court entered final summary judgment in favor of United with regard to all claims. Hernandez appeals.
Hernandez raises four issues on appeal, the first two relating to the minor children and the other two relating to herself. As concerns the children, Hernandez argues *1252 the following: 1) The minor children did not elect the remedy of workers' compensation because there was no evidence that they received or were to receive any of the death benefits paid by the workers' compensation carrier. The order approving the settlement was completely silent as to the children and contained no allocation of the settlement between Hernandez and the children. 2) Any settlement of the workers' compensation claim did not bind the minor children when the settlement had not been approved by the probate court. The $10,000 workers' compensation settlement deprived the minor children of a portion of a potential settlement in the tort action in which an offer of six figures had been made. No guardian was appointed to represent the children in the workers' compensation proceeding. Absent a determination that the settlement was in the minor children's best interest, the settlement was invalid.
As concerns herself, Hernandez contends in her third point on appeal that the summary judgment should be reversed because there is a genuine issue of material fact as to whether the decedent was engaged within the course and scope of his employment with CA at the time of his death. Finally, Hernandez's fourth argument on appeal claims that the settlement of the workers' compensation claim between herself and CA was a matter of convenience to both parties and did not constitute an election of remedies because she had no conscious intent to make an election of remedies and waive other rights.
Because we find it dispositive, we address Hernandez's fourth claim first. The doctrine of election of remedies "... is an application of the doctrine of estoppel and provides that the one electing should not later be permitted to avail himself of an inconsistent course." Williams v. Robineau, 124 Fla. 422, 425, 168 So. 644, 646 (1936). In Lowry v. Logan, 650 So.2d 653, 657 (Fla. 1st DCA 1995), the First District discussed the doctrine and said:
Consistent with the rule of law that to constitute an election of remedies the workers' compensation remedy must be pursued to a determination or conclusion on the merits, Florida courts also hold that mere acceptance by a claimant of some compensation benefits is not enough to constitute an election. There must be evidence of a conscious intent by the claimant to elect the compensation remedy and to waive his other rights.

(Emphasis added). See also Wishart v. Laidlaw Tree Serv., Inc., 573 So.2d 183 (Fla. 2d DCA 1991); Velez v. Oxford Dev. Co., 457 So.2d 1388 (Fla. 3d DCA 1984). Along the same line, in Velez this Court approvingly quotes from Professor Larson's treatise:
Mere acceptance of some compensation benefits ... is not enough to constitute an election. There must also be evidence of conscious intent to elect the compensation remedy and to waive ... other rights.
Velez, 457 So.2d at 1390 (quoting 2A A. Larson, Workmen's Compensation § 67.22 (1976)). We do not believe that the record before us supports a finding that Hernandez had a conscious intent to elect the compensation remedy and to waive her other rights. We note that the parties entered into a "Stipulation in Support Of Joint Petition For Order Approving a Lump-Sum Settlement Under F.S. 440.20(11)(a)(1994)." This stipulation stated that CA contested the compensability of the claim and, along with its workers' compensation insurer, took the position that there was no evidence that the accident arose out of and in the course and scope of decedent's employment. There was no resolution on the merits of the claim. Even a brief review of the facts of this *1253 case suggests that CA may well have had a meritorious defense. Because the workers' compensation remedy was not pursued to a determination or conclusion on the merits, there could be no election of remedies. Rather, what happened here is that CA simply opted to "buy" its way out of the workers' compensation litigation by expediently (and cheaply) resolving what amounted to little more than a nuisance claim.
Although our resolution on Hernandez's fourth claim resolves the entire appeal, we note that even if Hernandez's argument had failed as to herself, it is clear that the minor children did not elect the workers' compensation remedy as there is no evidence that the minor children received or were to receive any of the death benefits paid by the workers' compensation carrier.
Although the Petition for Benefits filed in the workers' compensation claim included the children's names, the record reflects that they are not mentioned in any other document filed therein. The stipulation mentioned above was brought only in Hernandez's name as the surviving spouse and did not include the minor children. Nothing in the Joint Petition and Stipulation indicates that the children were to receive any of the proceeds of the settlement, but rather it indicates that all of the settlement proceeds were to be paid to Hernandez. The caption of the Stipulation names only Hernandez as the claimant in the workers' compensation action.
Similarly, Hernandez's affidavit filed in support of the Joint Petition states that the Joint Petition and Stipulation indicates that the settlement of this claim was being paid to Hernandez as the surviving spouse. The children are not mentioned in this affidavit. Finally, the Order For Release From Liability entered by the Judge of Compensation Claims contains only Hernandez's name as the surviving spouse and does not mention the two minor children.
In light of this record, we find that the children's participation in the tort action is not barred by the doctrine of election of remedies because although their names were included in the Petition, they were not included in any other document and they did not receive any workers' compensation benefits.
Even if the minor children had been included in the workers' compensation settlement, the workers' compensation claim would not have bound the children where, as here, the settlement was not approved by the probate court. The record indicates that no guardian ad litem was appointed to review the proposed settlement of the workers' compensation claim and to advise the Judge of Compensation Claims regarding whether the settlement was in the children's best interest.
According to section 744.387(1), Florida Statutes (1995):
(1) When a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise, and whether arising before or after appointment of a guardian, is proposed, but before an action to enforce it is begun, on petition by the guardian of the property stating the facts of the claim, question, or dispute and the proposed settlement, and on any evidence that is introduced, the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward....
In addition, section 744.387(2), Florida Statutes (1995) provides:
In the same manner as provided in subsection (1) or as authorized by s. 744.301, the natural guardians or guardian of a minor may settle any claim by or on behalf of a minor that does not exceed $5,000 without bond. A legal guardianship shall be required when the amount of the net settlement to the ward exceeds $5,000.
*1254 We are not aware of any case that limits the statutory language of section 744.387 to tort claims, as United contends. Further, if the children were included in the workers' compensation action, as United argues, then this would be a claim brought by the guardian, subject to the requirements of the guardianship statutes. Under section 744.387, the court needs to determine that the settlement is in the best interest of the child. This was not done here. There was no one in the workers' compensation proceeding to protect the interests of the minor children and to make sure that settling the workers' compensation case for ten thousand dollars was in their best interest, as opposed to electing to pursue a civil action with a potential remedy far in excess of that amount. Without this determination, there could be no settlement of a workers' compensation claim brought by the minor children.
Reversed and remanded for further proceedings.