852 So.2d 430 (2003)
WHEELED COACH INDUSTRIES, INC., Appellant,
v.
Valerie ANNULIS, etc., et al., Appellees.
No. 5D02-3262.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
M. Gary Toole and Jennifer B. Locke of Cabaniss Smith Toole & Wiggins, PL, Maitland, for Appellant.
Kenneth G. Fredericksen of Parrish & Fredericksen, P.A., Orlando, and Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellees.
PLEUS, J.
This appeal arises from a wrongful death action. The decedent was killed at work and thereafter, his estate, by and through his widow, Valerie Annulis (Annulis), sued the employer, Wheeled Coach Industries, Inc. (WCI), for intentionally causing his death. WCI appeals the non-final order denying its amended motion for summary judgment. It argues that the trial court erred in denying its motion for summary judgment because the evidence *431 established that Annulis elected the remedy of workers' compensation and because Annulis failed to plead or prove an intentional tort.
We have jurisdiction to decide the election of remedies issue pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) and affirm the trial court's ruling. We decline to address the intentional tort issue for lack of jurisdiction.
The decedent worked as an electrician for WCI which is in the business of converting trucks into emergency vehicles. On May 19, 1999, he was working underneath an idling truck when it moved forward, rolling over and killing him. On May 27, 1999, WCI's workers' compensation carrier, Crawford & Company, tendered its first death benefit payment to Annulis, which she accepted. The carrier continued to make payments bi-weekly. On January 4, 2000, Annulis filed a Petition for Alternate Payment Schedule with the Office of the Judges of Compensation Claims (OJCC). The petition sought an order changing the payment schedule from bi-weekly to monthly. The OJCC granted the petition and Annulis continued to receive monthly benefits.
Annulis later filed a wrongful death action against various defendants.[1] The sole count against WCI alleged that WCI "intentionally and secretly kept the defective subject truck in its assembly line despite having knowledge that it had an inoperative parking brake, and defective engine and transmission systems," and that it ordered the decedent to work underneath the idling truck without warning him of the hazard or providing safety measures to protect him. Annulis also alleged that WCI's conduct was substantially certain to result in injury or death.
WCI denied the allegations and later filed an Amended Motion for Summary Judgment alleging that Annulis had elected to pursue workers' compensation benefits and failed to plead or prove an intentional tort. After a hearing, the trial court denied WCI's motion on both grounds. On the election of remedies issue, the order stated:
In this case, Plaintiff did accept workers' compensation benefits for her husband's death. There is no evidence before the Court, however, that Plaintiff filed a claim for such benefits. The only evidence that plaintiff actively pursued workers' compensation benefits is that she applied for a change in the schedule of when the benefits would be paid to her. As the court in Hernandez [v. United Contractors Corp., 766 So.2d 1249 (Fla. 3d DCA 2000)] found that a plaintiff who filed a claim for workers' compensation benefits and then settled that claim was not precluded from bringing a wrongful death action against the employer, Hernandez, 766 So.2d at 1252-53, this Court finds that the evidence does not establish that Plaintiff had a conscious intent to elect the workers' compensation benefits and waive her other rights. Therefore, Wheeled Coach is not entitled to summary judgment on this basis.
Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) gives the district courts jurisdiction to review non-final orders determining "as a matter of law that a party is not entitled to workers' compensation immunity." Interpreting the scope of this rule, the supreme court has held that orders denying summary judgment on a claim of workers' compensation immunity are not appealable unless the order "specifically states that, as a matter of law, *432 such a defense is not available to a party." Hastings v. Demming, 694 So.2d 718, 720 (Fla.1997). In a subsequent case, the court characterized the rule another way: that there is no jurisdiction to review such an order unless that order "conclusively and finally determines a party's nonentitlement to such immunity." Pizza Hut of America, Inc. v. Miller, 696 So.2d 340, 341 (Fla.1997).
After reviewing the order, we conclude that the order finally and conclusively determines that WCI cannot claim workers' compensation immunity. The operative facts are un-controverted. Annulis did not file a claim for workers' compensation benefits. Instead, WCI's carrier voluntarily sent her benefits every two weeks. Annulis successfully petitioned to change the schedule of payments from every two weeks to once a month. Based on these undisputed facts, the trial court correctly applied Florida case law and concluded that-Annulis did not actively pursue benefits, and thus WCI was not entitled to assert workers' compensation immunity. Accordingly, this court has jurisdiction to review the order under Rule 9.130(a)(3)(C)(v). Hastings; Miller; Sch. Bd. of Broward County v. Victorin, 767 So.2d 551 (Fla. 4th DCA 2000) rev. denied, 786 So.2d 581 (Fla.2001) (accepting jurisdiction under Rule 9.130(a)(3)(C)(v) where order denying summary judgment on workers' compensation immunity issue was decided on undisputed facts).
We also conclude that the trial court correctly determined that WCI failed to establish that Annulis made an election of remedies. The trial court noted that an employer can claim immunity based on election of remedies only when "the injured party actively pursues and receives workers' compensation benefits," quoting Michael v. Centex-Rooney Constr. Co., 645 So.2d 133, 135 (Fla. 4th DCA 1994). The court then cited several cases for the proposition that mere acceptance of workers' compensation benefits does not constitute an election of remedies and does not preclude a subsequent intentional tort suit. Hernandez v. United Contractors Corp., 766 So.2d 1249 (Fla. 3d DCA 2000); Lowry v. Logan, 650 So.2d 653 (Fla. 1st DCA 1995), rev. denied, 659 So.2d 1087 (Fla. 1995); Wishart v. Laidlaw Tree Serv., Inc., 573 So.2d 183 (Fla. 2d DCA 1991); Velez v. Oxford Dev. Co., 457 So.2d 1388 (Fla. 3d DCA 1984), rev. denied, 467 So.2d 1000 (Fla.1985). Based on the undisputed facts, the trial court concluded that Annulis did not actively pursue workers' compensation benefits.
On appeal, WCI attempts to distinguish these cases by mischaracterizing the undisputed facts in the instant case. WCI argues that Annulis "initiated a claim," "succeeded with her workers' compensation claim," and "acknowledged that Mr. Annulis' death was an accident." There is no factual evidence to support these assertions. The trial court found that Annulis' action of petitioning to change the schedule of payments did not evince a conscious intent to elect workers' compensation benefits or to waive her other rights. Acceptance of payments did not constitute a petition for benefits, as defined in section 440.192, Florida Statutes. Moreover, the order granting the rescheduling of payments cannot be considered a conclusion on the merits or a final compensation order, as defined in section 440.25(4)(e). The undisputed facts are that Annulis never filed a claim for benefits, acknowledged her husband's death was an accident, or proceeded to a conclusion on the merits in the workers' compensation case.
The case of Lowry v. Logan, 650 So.2d at 653, is instructive. In that case, the appellate court noted that the workers' compensation carrier voluntarily paid the *433 plaintiff's medical bills and disability benefits without the plaintiff ever filing a claim for benefits. During this time, the plaintiff was required to fill out and sign temporary partial/wage-loss forms in order to continue receiving benefits. Yet despite the plaintiff's having accepted benefits and filling out wage-loss forms, the appellate court found that he was not precluded from filing a tort action because the workers' compensation case was not pursued to a conclusion on the merits. The court reasoned that:
Consistent with the rule of law that to constitute an election of remedies the workers' compensation remedy must be pursued to a determination or conclusion on the merits, Florida courts also hold that mere acceptance by a claimant of some compensation benefits is not enough to constitute an election. There must be evidence of a conscious intent by the claimant to elect the compensation remedy and to waive his other rights.
Id. at 657.
Thus, even if Annulis' request to reschedule payments constituted a petition for benefits, she would not be precluded from filing suit because she did not pursue the workers' compensation claim to a conclusion on the merits. Accordingly, the trial court did not err in denying WCI's motion for summary judgment on its election of remedies claim.
We decline to address the intentional tort issue for lack of jurisdiction under rule 9.130(a)(3)(C)(v) because the court did not make a conclusive and final determination, as a matter of law, that an intentional tort was proven. Hastings, 694 So.2d at 720. Rather, the court decided that genuine issues of material fact existed on this issue. Jurisdiction does not lie under rule 9.030(b)(2)(A) either, because "certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987).
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] In addition to WCI, Annulis sued the manufacturers and distributors of certain products involved in the manufacture and conversion process.