PER CURIAM.
Sonic Automotive appeals the non-final order entered by the trial court denying its motion for summary judgment, arguing that reversal of the order is warranted because the trial court should have concluded that Sonic was immune from suit based upon the inapplicability of the intentional torts exception to the workers’ com *740 pensation statute. See § 440.11(1), Fla. Stat. (2002)(providing that employee lawsuits based upon injuries caused by employers’ intentional torts are not barred by the exclusive remedy provision of Florida’s Workers’ Compensation Act). However, in refusing to enter summary judgment in Sonic’s favor,- the trial court did not make a conclusive and final determination, as a matter of law, that an intentional tort had been established, but rather, the court decided that genuine issues of material fact exist in the record on this issue. As such, this court lacks jurisdiction to review the propriety of said decision. See Fla. R.App.P. 9.130(a)(3)(C)(v)(authorizing the district courts jurisdiction to review non-final orders determining as a matter of law that a party is not entitled to workers’ compensation immunity). See also Wheeled Coach Industries, Inc. v. Annulis, 852 So.2d 430 (Fla. 5th DCA 2003). Accordingly, the instant appeal must be dismissed.
DISMISSED.
SHARP, W., PALMER and TORPY, JJ., concur.