932 So.2d 1100 (2006)
Curtis JONES, et ux., Petitioners,
v.
MARTIN ELECTRONICS, INC., Respondent.
No. SC04-1538.
Supreme Court of Florida.
June 15, 2006.
*1102 Thomas M. Ervin, Jr. of Ervin, Chapman and Ervin, David H. Burns, Robert Scott Cox and Talley Kaleko of Cox and Burns, P.A., and Benjamin L. Crump of Parks and Crump, LLC, Tallahassee, FL, for Petitioners.
Fred M. Johnson of Fuller, Johnson and Farrell, P.A., Tallahassee, FL, for Respondent.
Andrew L. Patten of Sponsler, Bennett, Jacobs and Cristal, P.A., Tampa, FL, on behalf of Florida Defense Lawyers Association, for Amicus Curiae.
PER CURIAM.
We have for review a decision of a district court of appeal on the following question, which the court certified to be of great public importance:
MAY AN EMPLOYEE RECEIVING WORKERS' COMPENSATION BENEFITS LITIGATE ENTITLEMENT TO ADDITIONAL BENEFITS THEN, HAVING OBTAINED AN AWARD OF THE ADDITIONAL WORKERS' COMPENSATION BENEFITS, BRING SUIT IN CIRCUIT COURT FOR THE PERSONAL INJURIES SUSTAINED ON THE JOB THAT WERE THE BASIS FOR THE AWARD?
Martin Elecs., Inc. v. Jones, 877 So.2d 765, 769 (Fla. 1st DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We rephrase the certified question to address the factors presented more specifically as follows:
IS AN EMPLOYEE WHO IS ENTITLED TO AND HAS RECEIVED WORKERS' COMPENSATION BENEFITS *1103 FOR A WORKPLACE INJURY BUT HAS NOT PURSUED THE COMPENSATION CASE TO A CONCLUSION ON THE MERITS ESTOPPED FROM LATER FILING A SEPARATE CIVIL ACTION AGAINST THE EMPLOYER IN CIRCUIT COURT FOR TORT DAMAGES RESULTING FROM THE SAME WORKPLACE INJURY IF THE EMPLOYER'S CONDUCT THAT CAUSED THE WORKPLACE INJURY RISES TO THE LEVEL OF INTENTIONAL CONDUCT SUBSTANTIALLY CERTAIN TO RESULT IN INJURY FOR WHICH THE EXCLUSIVE REMEDY DOCTRINE IS NOT AVAILABLE?
For the reasons that follow, we answer the rephrased question in the negative.

FACTS AND PROCEDURAL HISTORY
The facts of the underlying action were detailed in the district court's opinion below. The essential facts are not in dispute. On May 1, 2000, while working for Martin Electronics, Mr. Jones suffered third-degree burns over three-fifths of his body's surface when an explosion occurred in a building on Martin Electronics' premises. See Martin Elecs., 877 So.2d at 767. Mr. Jones did not regain consciousness until July 11, 2000. See id. He endured twenty-four surgeries and all of his fingers and both thumbs were amputated. See id. From the beginning, Martin Electronics and its workers' compensation carrier voluntarily provided workers' compensation benefits. See id. A dispute between the parties arose concerning only the hourly rate for attendant care that Mrs. Jones furnished. See id. Mr. Jones filed a petition to alter this attendant care benefit with the Office of the Judges of Compensation Claims in February of 2001. See id. Prior to a contested hearing on the petition, the parties completed a preprinted standard form stipulation by answering questions with regard to the incident. See id. On this form, Mr. Jones circled "yes" in response to the statement "accident or occupational disease accepted as compensable." See id. On January 29, 2003, the judge of compensation claims entered an order granting the petition, approving and adopting as a finding of fact the parties' stipulation to the effect that Mr. Jones sustained a compensable injury and awarding additional monies for Mrs. Jones's attendant services. See id. With a modification not pertinent to the instant matter, the First District affirmed the modification of additional attendant care benefits. See Martin Elecs. v. Jones, 871 So.2d 277 (Fla. 1st DCA 2004).
While receiving these compensation benefits, Curtis and Annie Jones ("the Joneses") filed the complaint in circuit court in the present case on January 7, 2003, seeking damages in tort. As amended on March 18, 2003, the complaint alleged in pertinent part:
7. At the time of his injuries, CURTIS JONES was an employee of MARTIN and was in the course and scope of his employment with MARTIN.
8. While MARTIN did not have an actual intent to injure CURTIS JONES, the injuries to CURTIS JONES were the result of intentional conduct on the part of MARTIN that was substantially certain to result in injury or death.
Martin Elecs., 877 So.2d at 767. Martin Electronics moved for summary judgment on the basis that Mr. Jones had elected the workers' compensation system as his remedy for the injuries alleged in this civil lawsuit, and, therefore, as a matter of law was precluded from recovering damages from Martin Electronics in a civil action. See id. at 767-68. The circuit court denied Martin Electronics' motion for summary *1104 judgment, ruling that Mr. Jones was entitled to receive workers' compensation benefits and also pursue the tort action against Martin Electronics under the allegations presented. See id. at 766. The trial court reasoned that Martin Electronics was not entitled to workers' compensation immunity if the facts alleged in the complaint were established. See id.
Martin Electronics sought review in the First District of the trial court's order which determined that it was not entitled to immunity. See id. Martin Electronics asserted on appeal that Mr. Jones had elected the workers' compensation remedy by actively pursuing the workers' compensation claim to a conclusion on the merits, and, therefore, the Joneses were judicially estopped from pursuing the intentional tort claim. See id. at 768.
In its opinion, the First District held that Mr. Jones had elected his remedy under the workers' compensation statutory scheme, reasoning that
filing a petition for additional attendant care benefits, litigating before the judge of compensation claims on the theory that a covered industrial accident occurred, and obtaining an order predicated on the finding that Mr. Jones sustained an injury by accident "implie[d] a conscious intent . . . to choose compensation benefits over a tort action."
Id. (quoting Velez v. Oxford Dev. Co., 457 So.2d 1388, 1390 (Fla. 3d DCA 1984)). Ultimately, the district court reversed the trial court's order denying Martin Electronics' motion for summary judgment and remanded the case for entry of a summary final judgment in favor of Martin Electronics. See Martin Elecs., 877 So.2d at 768. The district court also certified the question currently before this Court as one of great public importance. See id. at 769.
Review of the First District's decision is sought here, which we have granted. See Jones v. Martin Elecs., Inc., 894 So.2d 970 (Fla.2005) (table).

ANALYSIS

Workers' Compensation Immunity
Florida's workers' compensation system was designed, intended, and contemplated for workplace injuries that have occurred in the course and scope of employment. The workers' compensation system seeks to balance competing interests and provide tradeoffs between employees and employers. Specifically, the workers' compensation system provides employees limited medical and wage loss benefits, without regard to fault, for losses resulting from workplace injuries in exchange for the employee relinquishing his or her right to seek certain common law remedies from the employer for those injuries under certain circumstances.
On the date Mr. Jones was injured, section 440.11(1) of the Florida Statutes (2000), provided, "The liability of an employer prescribed in s[ection] 440.10 shall be exclusive and in place of all other liability of such employer . . . to the employee. . . ." § 440.11(1), Fla. Stat. (2000). This provision provides the employer immunity from liability for an employer's negligence that has caused the employee's workplace injury. See Aguilera v. Inservices, Inc., 905 So.2d 84, 90-91 (Fla.2005). Notwithstanding the tradeoffs provided, we have established and continue to hold that an employer's immunity under the workers' compensation system does not extend to workplace injuries caused by conduct of the employer so egregious that it is tantamount to an intentional tort. See id. at 90 ("The workers' compensation system limits liability only for negligent workplace conduct which produces workplace injury, but does not extend to immunize intentional tortious conduct.") (citing Turner *1105 v. PCR, Inc., 754 So.2d 683, 687 (Fla. 2000) ("[W]e reaffirm our prior decisions recognizing, as have our district courts and many jurisdictions around the country, that workers' compensation law does not protect an employer from liability for an intentional tort against an employee.")). However, an employee is not precluded from filing an action against his or her employer for intentional conduct substantially certain to result in injury simply because some workers' compensation benefits have been paid. See Wishart v. Laidlaw Tree Serv., Inc., 573 So.2d 183, 184 (Fla. 2d DCA 1991); Velez v. Oxford Dev. Co., 457 So.2d 1388, 1390 (Fla. 3d DCA 1984). Precluding a worker from pursuing a remedy for a workplace injury caused by an employer's intentional tortious conduct would conflict with the intent and spirit of Florida's workers' compensation system and would not operate to further its goals if the mere payment of some compensation benefits under the factual circumstances here operated to eliminate such a right.
Martin Electronics asserts that the Joneses are estopped from advancing this action because Mr. Jones elected his exclusive remedy under the workers' compensation statutory scheme by filing for and receiving a change in only the attendant care benefits being paid by Martin Electronics' workers' compensation insurance carrier. See Martin Elecs., 877 So.2d at 768. For the reasons provided in our analysis below, we hold that an employee who is injured in the workplace during the course and scope of his or her employment and receives workers' compensation benefits, but does not pursue a compensation claim to a conclusion on the merits, may file an action against an employer for that workplace injury under these circumstances if the employer's conduct is to the level of intentional conduct substantially certain to result in injury for which workers' compensation immunity is not available.

Election of Remedies
The district court below held that Mr. Jones elected his exclusive remedy under the workers' compensation statute by merely filing for an adjustment in the rate of attendant care benefits that the Joneses received for Mrs. Jones's attendant care. See Martin Elecs., 877 So.2d at 768. The district court explained that Mr. Jones's actions with respect to this adjustment in benefits "implie[d] a conscious intent . . . to choose compensation benefits over a tort action." Id. (quoting Velez, 457 So.2d at 1390). However, our review of the facts in the instant matter leads us to conclude that Mr. Jones's actions with respect to this claim under these circumstances did not amount to an inconsistent election of remedies which would bar the subsequent common law action against Martin Electronics under the allegations here.
We have established that "[a]n election of remedies presupposes a right to elect. It is a choice shown by an overt act. . . ." Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (1936). However, in the context of workers' compensation, the point upon which a worker's action with regard to a compensation claim constitutes an election of the workers' compensation remedy to the exclusion of a civil action is not entirely clear. Florida courts have clearly stated that the "[m]ere acceptance of some compensation benefits . . . is not enough to constitute an election" of remedies. Velez, 457 So.2d at 1390 (quoting Whitney-Fidalgo Seafoods, Inc. v. Beukers, 554 P.2d 250, 254 (Alaska 1976)); see also Wheeled Coach Indus., Inc. v. Annulis, 852 So.2d 430, 432 (Fla. 5th DCA 2003); Hernandez v. United Contractors Corp., 766 So.2d 1249, 1252 (Fla. 3d DCA 2000); Lowry v. Logan, 650 So.2d 653, 657 (Fla. 1st DCA *1106 1995); Wishart, 573 So.2d at 184. In Wheeled Coach Industries, Inc. v. Annulis, 852 So.2d 430 (Fla. 5th DCA 2003), the Fifth District reasoned that "to constitute an election of remedies the workers' compensation remedy must be pursued to a determination or conclusion on the merits. . . . There must be evidence of a conscious intent by the claimant to elect the compensation remedy and to waive his other rights." Id. at 433 (quoting Lowry, 650 So.2d at 657); see also Williams v. Duggan, 153 So.2d 726, 726 (Fla.1963); Robineau, 124 Fla. at 426, 168 So. 644; Hernandez, 766 So.2d at 1253. An analysis of the facts in Wheeled Coach Industries is helpful to our resolution of this case.
In Wheeled Coach Industries, an employee was killed while working on a truck. See 852 So.2d at 431. The employer's workers' compensation carrier began making benefit payments without the employee's widow ever filing a claim for workers' compensation benefits. See id. at 432. The same circumstance is presented here. See Martin Elecs., 877 So.2d at 767. Approximately seven months later, the employee's widow filed a petition with the Office of the Judges of Compensation Claims seeking a change in the payment schedule from biweekly to monthly. See Wheeled Coach Indus., 852 So.2d at 431. The petition was granted and the deceased employee's widow began receiving monthly benefits payments. See id. Subsequently, the employee's widow filed a wrongful death action alleging that the employer had intentionally caused her husband's death. See id. at 430. The employer moved for summary judgment on the theory that the employee's widow had elected her remedy under the workers' compensation scheme by accepting benefits and applying for a change in the benefit payment schedule. See id. at 431. The trial court denied the motion and the employer sought review in the Fifth District. See id. at 430. On appeal, the Fifth District reasoned that the employee's widow had not elected her remedy under the workers' compensation scheme because she had not filed a claim for benefits, only for an interim change, nor had she proceeded to a conclusion on the merits in the workers' compensation case. See id. at 432. The Fifth District noted that the widow's "petitioning to change the schedule of payments did not evince a conscious intent to elect workers' compensation benefits or to waive her other rights." Id. The district court added that "even if [the widow's] request to reschedule the payments constituted a petition for benefits, she would not be precluded from filing suit because she did not pursue the workers' compensation claim to a conclusion on the merits." Id. at 433.
The facts of the instant matter are most similar to those in Wheeled Coach Industries. Subsequent to Mr. Jones's catastrophic injuries, the compensation carrier for Martin Electronics began paying compensation benefits despite the fact that no claim for such benefits had been filed. See Martin Elecs., 877 So.2d at 767. Approximately ten months later, Mr. Jones filed a petition with the Office of the Judges of Compensation Claims only for an adjustment in the hourly rate of attendant care benefits which the compensation carrier had voluntarily paid since shortly after his injury. See id. After a hearing in which Martin Electronics contested the appropriate rate of attendant care benefits, the judge of compensation claims entered an order granting the petition and adjusting only the rate of attendant care benefits. See id. Unlike the Fifth District in Wheeled Coach Industries, however, the First District below held that these actions with regard to a petition for an adjustment in the attendant care benefit rate being paid did constitute a "conscious intent . . . *1107 to choose compensation benefits over a tort action." Martin Elecs., 877 So.2d at 768. We disagree with the district court's holding below.
We hold that the petition for an adjustment in attendant care benefit rates under these circumstances did not amount to pursuit to a conclusion on the merits of a workers' compensation claim and, therefore, did not constitute an inconsistent election of remedies. The petition was simply a request for a change in the rate used to calculate a benefit that the compensation carrier had been voluntarily providing from the time of injury. The facts here are most similar to the widow's request in Wheeled Coach Industries for a change in the payment schedule of the compensation benefits already being paid. The sole subject matter of the contested hearing regarding the petition here addressed the rate for attendant care services. The issue of whether the incident which resulted in Mr. Jones's injuries was compensable or caused by neglect or intent was not litigated pursuant to this petition. Neither Mr. Jones's entitlement to workers' compensation benefits nor the extent of his injuries was ever a contested issue, as the compensation carrier for Martin Electronics began voluntarily making benefit payments almost immediately after Mr. Jones sustained his injuries. See Martin Elecs., 877 So.2d at 767. Therefore, the petition, hearing, and resulting order here did not constitute litigation to a conclusion on the merits of Mr. Jones's compensation claim and, in accordance with established Florida law, did not constitute an election by Mr. Jones of his workers' compensation remedy. See Duggan, 153 So.2d at 726; Robineau, 124 Fla. at 426, 168 So. 644; Wheeled Coach, 852 So.2d at 433; Hernandez, 766 So.2d at 1253; Lowry, 650 So.2d at 657.
Similarly, the petition filed here did not evince a conscious intent to choose workers' compensation benefits and to reject any potential tort claim. Although Mr. Jones was required to complete a standard pretrial form questionnaire, and he did circle "yes" next to the statement "Accident or occupational disease accepted as compensable," the answering of this yes/no question on a standard form questionnaire required to have the attendant care benefit rate issue resolved was not a "conscious intent by [Mr. Jones] to elect the compensation remedy and to waive his other rights." Lowry, 650 So.2d at 657; see also Wheeled Coach Indus., 852 So.2d at 433. The fact that Mr. Jones could receive benefits under the workers' compensation statutory scheme is not contested. The issue here is whether his actions constituted such an election. The answer to a standard yes/no question on a form prehearing questionnaire which was designed only to outline the disputed issues was not enough to constitute a knowing waiver of any common law rights against Martin Electronics for the intentional injuries as alleged here.
We reaffirm the long line of cases holding that the mere receipt of compensation benefits under these circumstances does not constitute an election of remedies on the part of this injured employee. See Wheeled Coach Indus., 852 So.2d at 432; Hernandez, 766 So.2d at 1252; Lowry, 650 So.2d at 657; Wishart, 573 So.2d at 184; Velez, 457 So.2d at 1390. In the instant matter, the conduct with regard to the petition for only an adjustment in the rate of attendant care benefits did not amount to such a clear overt act evincing a waiver of all common law intentional tort remedies. The Joneses are not barred from filing the present action against Martin Electronics.

*1108 Protections Against Double Recovery
Our decision today will not allow an employee to be entitled to a double recovery. Benefits under the workers' compensation act include medical expenses and disability benefits. See §§ 440.13, 440.15, Fla. Stat. (2000). Although in a tort action an injured employee may theoretically be entitled to recover some of the same types of damages recoverable under the compensation act, namely medical expenses and lost wages, the common law award for an employer's intentional tortious conduct represents a supplemental remedy for damages such as pain and suffering, and loss of spousal services, which are not provided for under the workers' compensation act. The tort action may also provide an avenue for the imposition of punitive damages against an employer who intentionally injures employees. Ultimately, an injured employee would only be entitled to recover for each element of damage once. The workers' compensation statute specifically includes a provision which both protects against double recovery and operates to ensure that workers' compensation carriers are reimbursed in the instance that a third-party tortfeasor is found liable for the employee's injuries. See § 440.39, Fla. Stat. (2000).
Section 440.39 of Florida's workers' compensation statute ensures both that litigants will not be allowed double recovery for their injuries and that workers' compensation coverage will not ultimately be responsible in situations where an employee's injuries are caused by the employer's, or any other third party's, tortious conduct. See § 440.39, Fla. Stat. (2000). Under the workers' compensation statute, if an injured employee files a civil action for damages previously compensated by workers' compensation benefits, compensation insurance carriers are authorized to file a notice of payment of benefits which operates as a lien on any subsequent judgment to the extent that the judgment includes damages of the same type as benefits paid under the workers' compensation plan (e.g., medical benefits and wage compensation). See § 440.39(3)(a), Fla. Stat. (2000). After judgment is entered against a tortfeasor and in favor of the injured employee, the workers' compensation coverage will be reimbursed from liability damages for benefits paid as a result of the injury. If, however, the employer has engaged in conduct against the injured employee such that the employee is entitled to damages for pain and suffering and other elements of damage not covered under the workers' compensation statutory scheme, section 440.39 allows the workers' compensation coverage to be refunded or credited for amounts previously paid.
Further, even if the workers' compensation carrier does not file a notice of payment in any subsequent civil action which would operate as a lien on any judgment in favor of the injured employee, Florida's collateral source statute would at least prevent a double recovery on the part of the injured employee. See § 768.76(1), Fla. Stat. (2005). Section 768.76 of the Florida Statutes states that "the court shall reduce the amount of [damage] award[s] by the total of all amounts which have been paid for the benefit of the claimant." Id. Florida courts have stated that "workers' compensation benefits are a collateral source within the meaning of section 768.50(2)(a)(2), Florida Statutes (1983)." Am. Mut. Ins. Co. v. Decker, 518 So.2d 315, 317 (Fla. 2d DCA 1987), adopted in Liberty Mut. Ins. Co. v. Chambers, 526 So.2d 66, 67 (Fla.1988). Therefore, even if the insurance carrier fails to take the actions necessary to entitle it to a reimbursement, the employee would still not be allowed double recovery because *1109 the court would reduce any amount paid as workers' compensation benefits as a collateral source.[1]

CONCLUSION
For the foregoing reasons, we answer the rephrased certified question in the negative and hold that an employee who receives compensation benefits for a workplace injury under these circumstances is not barred from filing an action against an employer for the injury. The employee has not consciously elected an inconsistent workers' compensation remedy under these circumstances, and if the claimant can demonstrate that the employer's conduct causing the workplace injury is to the level otherwise required by law for such action, there is no compensation bar. Accordingly, we quash the decision below, and remand with instructions to return the case to the trial court for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] It is important to note, however, that this Court has approved a holding that the collateral source statute does not extinguish a carrier's right under section 440.39 to apply for a lien on the judgment thereby recovering the amount of any benefits paid to an injured employee whose injuries are later adjudicated to be caused by a third-party tortfeasor. See Am. Mut. Ins. Co. v. Decker, 518 So.2d 315, 318-19 (Fla. 2d DCA 1987), adopted in Liberty Mut. Ins. Co. v. Chambers, 526 So.2d 66, 67 (Fla.1988). The importance of the two statutory provisions is to simply operate to preclude double recovery.