962 So.2d 411 (2007)
Jose Luis Sanchez VASQUEZ and Arnulfo Sanchez Hernandez, Appellants,
v.
SORRELLS GROVE CARE, INC.; Sorrells Brothers Packing Co., Inc; and J. Felix Ramos, Appellees.
No. 2D06-3359.
District Court of Appeal of Florida, Second District.
August 17, 2007.
Susan W. Fox of Fox & Loquasto, P.A., Tampa; Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee; and John T. Kennedy of The Injury Law Offices of John T. Kennedy, Stuart, for Appellants.
Alan J. Landerman of Alvarez, Sambol, Winthrop & Madson, P.A., Orlando, for Appellees.
DAVIS, Judge.
Jose Luis Sanchez Vasquez and his father, Arnulfo Sanchez Hernandez (collectively "Appellants"), challenge the final summary judgment entered in favor of Sorrells Grove Care, Inc. ("Grove Care"), *412 Sorrells Brothers Packing Company, Inc. ("Packing Company"), and J. Felix Ramos. The trial court concluded that Sanchez Vasquez, as the plaintiff below, had made an election of remedies when he settled with the workers' compensation carrier and was therefore precluded by law from seeking further relief in a tort claim action. Because the record does not support the trial court's finding that Sanchez Vasquez made an election of remedies, we reverse.
At the time of the incident in question, Sanchez Hernandez was an employee of Packing Company. Sanchez Vasquez, Sanchez Hernandez's seventeen-year-old son, was in the grove where Sanchez Hernandez was working when a "goat"[1] driven by Ramos struck and seriously injured Sanchez Vasquez. The goat was owned by Grove Care, and Ramos was employed by Packing Company.
Sanchez Vasquez's attorney filed a workers' compensation claim against Packing Company because he mistakenly understood Sanchez Vasquez to be an employee of Packing Company. Both Packing Company and Clarendon National Insurance Company, Packing Company's workers' compensation insurance carrier, controverted the claim by denying that Sanchez Vasquez was an employee. That denial was supported by the deposition of Packing Company's office manager.
Thereafter, Sanchez Vasquez's attorney filed a tort claim against Packing Company, Grove Care, and Ramos. The complaint alleged negligence on the part of Ramos and vicarious liability on the part of both Packing Company, as Ramos' employer, and Grove Care, as the owner of the goat. In their joint answer, Packing Company and Grove Care (collectively "Appellees") raised the affirmative defense of workers' compensation immunity, alleging that Sanchez Vasquez was an employee of Packing Company. Additionally, they obtained a stay of the tort claim proceedings until the workers' compensation claim was resolved. After Appellees filed their joint answer, Ramos filed an answer denying that Sanchez Vasquez was an employee and alleging that Sanchez Vasquez was in the grove for unknown reasons and that the cause of the accident was Sanchez Vasquez's unexpected presence in the grove, not the negligence of Ramos.
After the tort claim was stayed, Sanchez Vasquez negotiated a settlement with Clarendon and executed a release that specifically noted that Packing Company and Grove Care objected to the settlement and release and that the settlement was not intended to release Packing Company or Grove Care from any liability that might result from the tort claim. The settlement noted that Sanchez Vasquez acknowledged that there was no employment relationship between himself and Packing Company and that he waived any claim that might arise from an employment relationship.
Once the settlement agreement had been approved by the judge in the workers' compensation proceeding,[2] Sanchez Vasquez moved the trial court to lift the stay in the tort claim proceedings. After the stay was lifted, Appellees filed their motion for summary judgment, arguing that by settling with the workers' compensation carrier, Sanchez Vasquez had elected his remedy and was barred from further pursuit of the tort claim. The trial court agreed, granted the motion for summary judgment, and incorporated that ruling *413 into the final judgment that is the subject of this appeal.
On appeal, Appellants argue (1) that the trial court erred in entering summary judgment based on the election of remedies doctrine and (2) that even if summary judgment was proper as to Packing Company, the trial court erred in entering summary judgment in favor of Grove Care and Ramos. Because we conclude that summary judgment should not have been entered, we need not address the questions raised by the second issue.
We review the decision to grant a motion for summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. The question before the trial court here was whether, by settling with the workers' compensation carrier, Sanchez Vasquez elected his remedy, thus barring him from further pursuit of his tort claim. Although the trial court entered summary judgment finding that he did, we conclude that he did not.
The doctrine of election of remedies presupposes the right to elect between two available remedies, each of which is equally available to the claimant. Jones v. Martin Elecs., Inc., 932 So.2d 1100, 1105 (Fla.2006). Applying this definition, it would at first appear that the doctrine of election of remedies should not apply in the context of workers' compensation because once the claimant is determined to be an employee, the claimant is limited to the exclusive remedy of workers' compensation; he or she does not have two alternative remedies from which to choose. See Michael v. Centex-Rooney Constr. Co., 645 So.2d 133, 135 n. 1 (Fla. 4th DCA 1994). However, Florida courts have not followed this analysis. In fact, even where a claimant's status as a nonemployee would appear to preclude that claimant's election of workers' compensation as a remedy, the claimant's election of workers' compensation pursuant to the doctrine of election of remedies has been held to be binding. Id.; see also Mandico v. Taos Constr., Inc., 605 So.2d 850, 853 (Fla.1992); Ferraro v. Marr, 490 So.2d 188, 189 (Fla. 2d DCA 1986); Lowry v. Logan, 650 So.2d 653, 657 (Fla. 1st DCA 1995).
Recognizing that "the point upon which a worker's action with regard to a compensation claim constitutes an election of the workers' compensation remedy to the exclusion of a civil action is not entirely clear," Jones, 932 So.2d at 1105, Florida courts have fashioned an election of remedies analysis that is based not on the claimant's employment status but on evidence of the claimant's conscious intent "`to elect the compensation remedy and to waive his [or her] other rights,'" id. at 1106 (quoting Wheeled Coach Indus., Inc. v. Annulis, 852 So.2d 430, 433 (Fla. 5th DCA 2003)). In this regard, the "`[m]ere acceptance of some compensation benefits . . . is not enough. . . .'" Id. at 1105 (alteration in original) (quoting Velez v. Oxford Dev. Co., 457 So.2d 1388, 1390 (Fla. 3d DCA 1984)). Rather, the remedy chosen must be "pursued to full satisfaction," Lowry, 650 So.2d at 656, a phrase that has been interpreted to mean a "determination or conclusion on the merits," id. at 657.
In Jones, the Florida Supreme Court concluded that an employee who had received workers' compensation benefits for a workplace injury but who had not pursued the compensation case to a conclusion on the merits was not estopped from later filing a civil tort claim if he could show that an exception to the workers' compensation statute existed. In reaching this conclusion, the court noted that Jones had not litigated whether the conduct of the employer met the exception requirements *414 in the workers' compensation forum even though he did receive benefits from that forum. 932 So.2d at 1107. Furthermore, the court reasoned that the facts did not indicate that Jones' petition in the workers' compensation proceeding demonstrated a conscious intent to choose the workers' compensation benefits and reject any potential tort claim. Id. The court determined that even his "stipulation" that he suffered a compensable injury was not sufficient to constitute a knowing waiver of his common law rights. Id. Accordingly, the court concluded that Jones had not elected the workers' compensation benefits to the exclusion of his right to pursue a civil tort claim even though he filed a claim in the workers' compensation forum, stipulated that the injury was covered by the workers' compensation provisions, and accepted benefits from that proceeding. Id.
Applying the Jones analysis to the instant case, we conclude that the trial court erred in concluding that Sanchez Vasquez made an election of remedies when he settled the workers' compensation proceeding. By his actions, Sanchez Vasquez did not demonstrate a conscious intent to choose the workers' compensation benefits to the exclusion of his potential tort claim, and he did not pursue that claim to a conclusion on the merits.
First, he did not demonstrate a conscious intent to choose the workers' compensation forum. Although Sanchez Vasquez initially chose to file his petition in the workers' compensation forum, after Appellees asserted that he was not an employee, he willingly filed a civil tort action. However, because Appellees then asserted that Sanchez Vasquez was an employee, he was forced to return to the workers' compensation forum. His return to workers' compensation was thus solely due to the inconsistent pleadings filed by Appellees. Over Sanchez Vasquez's objection, the trial court stayed the civil action and required Sanchez Vasquez to address the workers' compensation petition first.
We also note that the release that was signed by Sanchez Vasquez and Clarendon did not indicate that Sanchez Vasquez chose the workers' compensation forum to the exclusion of his pursuit of his civil tort claim. The release stated in numerous places that the settlement was not to be construed as an election of remedies, that Sanchez Vasquez was reserving his rights to a civil tort claim against Appellees, and that the release did not relieve Appellees of any potential civil liability. Specifically, the release stated:
This settlement is entered into between Claimant and the Released Parties and shall not be considered an election of remedies by Claimant precluding a possible cause of action against Sorrell Brothers in accordance with Hernandez v. United Contractors, 766 S2d [sic] 1249 (Fla. 3d DCA 2000).
Moreover, the affidavit Sanchez Vasquez executed at the time he signed the settlement is inconsistent with the settlement regarding the issue of Sanchez Vasquez's intent. In the affidavit, Sanchez Vasquez averred that he understood that his settlement was the total settlement for his workers' compensation claim and for "all other claims I have or may have against the released parties." However, the settlement agreement itself provided that it settled only potential workers' compensation claims, not other potential causes of action, and that Sanchez Vasquez "reserv[ed] the right to pursue a third party claim against [Packing Company or Grove Care] or any third party." Most importantly, the settlement specifically stated that it was not to be construed as an election of remedies. Sanchez Vasquez's actions clearly fall short of evincing an intentional choice of remedies.
Neither was the workers' compensation claim determined on its merits. The settlement *415 that concluded the workers' compensation matter did not specify that the disputed issues raised in the workers' compensation proceeding had been determined on the merits; to the contrary, Sanchez Vasquez's release indicated that the settlement did not resolve the contested issues. It stated that the compensability of the injury remained contested in that both Packing Company and Clarendon contended that Sanchez Vasquez was not an employee. The release also stated that Clarendon was making the settlement "to avoid the expense and inconvenience of litigation" and that the settlement "does not constitute an admission of liability for the benefits included in this release." Finally, the release was very specific that Packing Company and Grove Care did not agree to the settlement, and neither company was a party to the agreement. These facts clearly establish that the settlement was not a determination of the merits of the contested compensability issue raised in the workers' compensation proceeding. The key issue of whether Sanchez Vasquez was an employee of Packing Company has not been addressed, and the determination of that issue will govern which cause of action is available to Sanchez Vasquez.
We therefore conclude that by settling with the workers' compensation carrier, Sanchez Vasquez did not make an election of remedies that foreclosed his civil tort claim. We note parenthetically that allowing Sanchez Vasquez to pursue his civil claim after having accepted benefits from the workers' compensation carrier will not entitle Sanchez Vasquez to an impermissible double recovery.
Under the workers' compensation statute, if an injured employee files a civil action for damages previously compensated by workers' compensation benefits, compensation insurance carriers are authorized to file a notice of payment of benefits which operates as a lien on any subsequent judgment to the extent that the judgment includes damages of the same type as benefits paid under the workers' compensation plan (e.g., medical benefits and wage compensation). See § 440.39(3)(a), Fla. Stat. (2000).
Jones, 932 So.2d at 1108.
Although Appellees argue that the instant case is controlled by Michael, 645 So.2d 133, we cannot agree. While the Fourth District in Michael concluded that Michael had made an election of remedies by pursuing and receiving workers' compensation benefits, barring him from prosecuting the civil tort claim, the facts in the instant case, unlike those in Michael, reflect the claimant's clear intention not to waive his civil tort claim. The release here specifically acknowledged that disputed issuesincluding compensabilityremained. It also specifically negated any contention that the settlement was a determination of the merits of the compensability issue. Finally, the release specifically stated that the settlement was not to be construed as an election of remedies and that Sanchez Vasquez was reserving his rights to a civil tort claim. Because Michael contained no such clear indications of the claimant's intent not to waive his civil tort claim, we decline to apply Michael.
We therefore conclude that Sanchez Vasquez did not make an election of remedies that foreclosed his pursuit of the civil tort claim. Accordingly, the trial court erred in entering the summary final judgment against Sanchez Vasquez in his civil action on this basis.
Reversed and remanded for further proceedings consistent with this opinion.
CASANUEVA and CANADY, JJ., Concur.
NOTES
[1] A "goat" is a truck-like vehicle used in harvesting citrus.
[2] The approval of the settlement and attorneys' fees by the workers' compensation judge resulted in the dismissal of the claim in that forum.