PALMER, J.
 

 ON MOTIONS FOR CLARIFICATION AND REHEARING
 

 The parties have filed motions for rehearing and clarification in connection with the opinion issued by this court on September 25, 2009. We deny the motions for rehearing but grant the motion for clarification, withdraw our previous opinion, and substitute this corrected opinion in its stead.
 

 Petro Stopping Centers, L.P. and Barry Flowers (hereinafter collectively referenced to as Petro) appeal the non-final order entered by the trial court denying their motion for summary judgment. In its motion, Petro claimed it was immune from liability for the tort claims of its employee, Margarit Gall, pursuant to Florida’s workers’ compensation statutes. Concluding that Petro was entitled to receive summary judgment in its favor, we reverse.
 
 [1]
 

 Gall filed a complaint against Petro alleging that she was injured while operating a meat tenderizer owned by Petro. Gall claimed that Petro’s general manager, Barry Flowers, was aware that the tenderizer was inherently dangerous because its safety guard had been intentionally removed. Gall’s complaint sought recovery of tort damages.
 

 Although workplace injuries are normally subject to the exclusive liability provisions of Florida’s workers’ compensation statutes, section 440.11 of the Florida Statutes sets forth limited exceptions to such exclusivity. One exception applies when an employer engages in conduct that the employer knew was virtually certain to result in injury or death to the employee.
 
 See
 
 § 440.11(l)(b), Fla. Stat. (2006). In her complaint, Gall alleged that Petro and Barry Flowers engaged in such conduct and, accordingly, Gall was entitled to pursue a tort claim.
 

 Petro filed a motion seeking summary judgment, contending that it was entitled to immunity from Gall’s tort suit pursuant to section 440.11 of the Florida Statutes because Gall had actively pursued to conclusion a claim for workers’ compensation benefits and, thus, Gall was barred from seeking a tort recovery pursuant to the doctrine of election of remedies. Specifically, Petro claimed that the parties had entered into a mediated settlement agreement with regard to Gall’s workers’ com
 
 *851
 
 pensation claim which barred Gall from pursuing the instant tort claim.
 

 The trial court denied Petro’s motion for summary judgment, finding that Petro had failed to demonstrate that Gall had elected the receipt of workers’ compensation benefits as her exclusive remedy. The trial court reasoned that an election of remedy required a conclusion on the merits of Gall’s workers’ compensation claim, citing
 
 Jones v. Martin Elecs., Inc.,
 
 932 So.2d 1100, 1105 (Fla.2006), and that there must be evidence of a conscious intent to elect the workers’ compensation remedy and to waive her other rights. The trial court concluded that Gall had not litigated her workers’ compensation case to a conclusion on the merits because “a meditated settlement agreement is not a conclusion on the merits and therefore cannot be the basis of an election of remedies.
 
 Hernandez v. United Contractors Carp.,
 
 766 So.2d 1249 (Fla. 3d DCA 2000).” Furthermore, the trial court found that Gall had not shown a conscious intent to choose workers’ compensation benefits to the exclusion of her tort claim simply because she actively pursued the instant tort litigation.
 

 Upon review, we conclude that the trial court erred in denying Petro’s summary judgment motion because the parties’ mediated settlement agreement constituted a conclusion on the merits of Gall’s workers’ compensation claim and because her active pursuit of the instant tort litigation did not preclude a finding that she had elected her remedy.
 

 The Second District, in
 
 Vasquez v. Sorrells Grove Care, Inc.,
 
 962 So.2d 411 (Fla. 2d DCA 2007), summarized the current Florida law regarding the doctrine of election of remedies in workers’ compensation cases as follows:
 

 The doctrine of election of remedies presupposes the right to elect between two available remedies, each of which is equally available to the claimant.
 
 Jones v. Martin Elecs., Inc.,
 
 932 So.2d 1100, 1105 (Fla.2006). Applying this definition, it would at first appear that the doctrine of election of remedies should not apply in the context of workers’ compensation because once the claimant is determined to be an employee, the claimant is limited to the exclusive remedy of workers’ compensation; he or she does not have two alternative remedies from which to choose.
 
 See Michael v. Centex-Rooney Constr. Co.,
 
 645 So.2d 133, 135 n. 1 (Fla. 4th DCA 1994). However, Florida courts have not followed this analysis. In fact, even where a claimant’s status as a nonemployee would appear to preclude that claimant’s election of workers’ compensation as a remedy, the claimant’s election of workers’ compensation pursuant to the doctrine of election of remedies has been held to be binding.
 
 Id.; see also Mandico v. Taos Constr., Inc.,
 
 605 So.2d 850, 853 (Fla.1992);
 
 Ferraro v
 
 .
 
 Marr,
 
 490 So.2d 188, 189 (Fla. 2d DCA 1986);
 
 Lowry v. Logan,
 
 650 So.2d 653, 657 (Fla. 1st DCA 1995).
 

 Recognizing that “the point upon which a worker’s action with regard to a compensation claim constitutes an election of the workers’ compensation remedy to the exclusion of a civil action is not entirely clear,”
 
 Jones,
 
 932 So.2d at 1105, Florida courts have fashioned an election of remedies analysis that is based not on the claimant’s employment status but on evidence of the claimant’s conscious intent “ ‘to elect the compensation remedy and to waive his [or her] other rights,’ ”
 
 id.
 
 at 1106 (quoting
 
 Wheeled Coach Indus., Inc. v. Annulis,
 
 852 So.2d 430, 433 (Fla. 5th DCA 2003)). In this regard, the “ ‘[m]ere acceptance of some compensation benefits ... is not
 
 enoughId.
 
 at 1105 (alteration in
 
 *852
 
 original) (quoting
 
 Velez v. Oxford Dev. Co.,
 
 457 So.2d 1388, 1390 (Fla. 3d DCA 1984)). Rather, the remedy chosen must be “pursued to full satisfaction,”
 
 Lowry,
 
 650 So.2d at 656, a phrase that has been interpreted to mean a “determination or conclusion on the merits,”
 
 id.
 
 at 657.
 

 In
 
 Jones,
 
 the Florida Supreme Court concluded that an employee who had received workers’ compensation benefits for a workplace injury but who had not pursued the compensation case to a conclusion on the merits was not estopped from later filing a civil tort claim if he could show that an exception to the workers’ compensation statute existed. In reaching this conclusion, the court noted that Jones had not litigated whether the conduct of the employer met the exception requirements in the workers’ compensation forum even though he did receive benefits from that forum. 932 So.2d at 1107. Furthermore, the court reasoned that the facts did not indicate that Jones’ petition in the workers’ compensation proceeding demonstrated a conscious intent to choose the workers’ compensation benefits and reject any potential tort claim.
 
 Id.
 
 The court determined that even his “stipulation” that he suffered a compen-sable injury was not sufficient to constitute a knowing waiver of his common law rights.
 
 Id.
 
 Accordingly, the court concluded that Jones had not elected the workers’ compensation benefits to the exclusion of his right to pursue a civil tort claim even though he filed a claim in the workers’ compensation forum, stipulated that the injury was covered by the workers’ compensation provisions, and accepted benefits from that proceeding.
 
 Id.
 

 Id.
 
 at 413-414.
 

 In this case, the parties entered into a mediated settlement agreement which provided that Petro accepted Gall as being permanently and totally disabled (and, accordingly, was liable for making payments due as a result of that determination), and agreed to pay her attorney’s fees and costs. The settlement agreement further provided that it resolved the issues contained in the currently pending petition for benefits and noted that the parties would comply with the terms of the agreement without the necessity of a court order. We conclude that this mediated settlement agreement was a conclusion on the merits of Gall’s claim for workers’ compensation benefits. Therefore, Petro was entitled to receive a summary judgment in this case on the basis of Gall’s election of remedies.
 

 The
 
 Hernandez
 
 case cited by the trial court to support the contrary conclusion is factually distinguishable. In
 
 Hernandez,
 
 the court properly noted that “mere acceptance of some compensation benefits ... is not enough to constitute an election. There must also be evidence of conscious intent to elect the compensation remedy and waive ... other rights.” In this case, Gall actively pursued the receipt of workers’ compensation benefits to a conclusion on the merits, which established that she was permanently and totally disabled and that she was entitled to receive benefits that flowed therefrom. As such, she elected her remedy. Importantly, the test for election of remedies, as set forth by the Supreme Court in
 
 Jones,
 
 does not require a party to show both litigation of a workers’ compensation case to conclusion on the merits and a separate conscious intent to elect workers’ compensation benefit to the exclusion of tort benefit. Rather, litigating a workers’ compensation case to a conclusion on the merits manifests a conscious intent to choose workers’ compensation benefits to the exclusion of tort benefits.
 

 
 *853
 
 Accordingly, Petro’s motion for summary judgment should have been granted.
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . Jurisdiction is proper pursuant to rule 9.130(a)(3)(C)(v) of the Florida Rules of Ap-pelíate Procedure.