MORRIS, Judge.
 

 Jose Luis Sanchez Vasquez and his father, Arnulfo Sanchez Hernandez, appeal a final summary judgment entered in favor of the appellees, Sorrells Grove Care, Inc., Sorrells Brothers Packing Company, Inc. (Packing Company), and J. Felix Ramos. We reverse the final summary judgment and remand for further proceedings.
 

 
 *223
 
 The initial facts of this case are set forth in
 
 Vasquez v. Sorrells Grove Care, Inc.,
 
 962 So.2d 411 (Fla. 2d DCA 2007), wherein this court reversed an order granting summary judgment in favor of the appellees in a civil suit against the appellees for negligence and vicarious liability based on injuries Sanchez Vasquez allegedly sustained while picking oranges for Packing Company. The appellees initially filed a motion for summary judgment on the basis that the appellants’ claims were barred by the doctrine of election of remedies.
 
 Id.
 
 at 412. The trial court granted the motion and entered final summary judgment in favor of the appellees.
 
 Id.
 
 at 413. This court reversed and remanded for further proceedings, holding that the appellants were not barred from filing a civil suit by the doctrine of election of remedies.
 
 Id.
 
 at 415.
 

 On remand, the appellees filed a second motion for summary judgment, arguing this time that the facts are undisputed that Sanchez Vasquez was an employee of Packing Company at the time of the injury and that the appellees are therefore entitled to workers’ compensation immunity. The trial court granted the appellees’ motion for summary judgment and entered final summary judgment in their favor, which the appellants now appeal.
 

 We must reverse the final summary judgment because, as the appellants argue, a factual dispute exists regarding whether Sanchez Vasquez was an employee of Packing Company at the time he sustained his injuries. In support of their motion, the appellees relied on the depositions of Sanchez Vasquez and Sanchez Hernandez in arguing that there is no dispute that Sanchez Vasquez was hired to pick oranges by J. Felix Ramos, an employee of Packing Company. However, these same depositions raise a question as to whether Ramos was authorized to hire Sanchez Vasquez to pick oranges for Packing Company.
 
 See Harper ex rel. Daley v. Toler,
 
 884 So.2d 1124, 1132-33 (Fla. 2d DCA 2004) (recognizing that an employment relationship may exist where an employee is authorized to and does hire a subemployee). Sanchez Vasquez and Sanchez Hernandez testified that Sanchez Vasquez was not registered to work in the United States for Packing Company; that Sanchez Vasquez was paid under the table by Ramos; that nobody else in the company, except for some of the fruit pickers, knew about Sanchez Vasquez’s arrangement with Ramos; and that after the accident, Ramos told Sanchez Hernandez not to tell anybody with the company about the arrangement. In addition, the appellees’ motion for summary judgment acknowledged that Ramos told Sanchez Vasquez that he had to be paid in cash because he was not registered to work in this country for Packing Company.
 

 “[T]he burden to prove the nonexistence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.”
 
 Holl v. Talcott,
 
 191 So.2d 40, 43-44 (Fla. 1966). “[I]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.”
 
 Nard, Inc. v. DeVito Contracting & Supply, Inc.,
 
 769 So.2d 1138, 1140 (Fla. 2d DCA 2000). “[T]he merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment.”
 
 Id.
 
 “The question of whether there exists an employer/employee relationship is normally reserved for the jury to determine. This is especially true
 
 *224
 
 where there exist disputed issues of fact.”
 
 Sagarino v. Marriott Corp.,
 
 644 So.2d 162, 164 (Fla. 4th DCA 1994) (citation omitted).
 

 In viewing the facts in a light most favorable to the nonmoving parties, there is a disputed fact as to whether Ramos was authorized by Packing Company to hire Sanchez Hernandez to pick oranges. Therefore, the appellees did not meet their burden of proving that it is undisputed that Sanchez Hernandez was an employee of Packing Company. Accordingly, the granting of summary judgment was improper, and we reverse and remand for further proceedings.
 

 DAVIS, J., and FULMER, CAROLYN K, Senior Judge, Concur.